MRS. MINNIE J. WELDON, ADMINISTRATRIX, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 5 March, 1919.)

**1. Verdict—Interpretation—Evidence—Instructions.**

The verdict of a jury must be interpreted on appeal and allowed significance by proper reference to the testimony in the case and the judge's charge thereon.

**2. Same—Negligence—Contributory Negligence—Assumption of Risks.**

Where the verdict of the jury, under conflicting evidence and a correct charge upon the issues of negligence and contributory negligence, establishes the fact that the death of plaintiff's intestate, a flagman on defendant railroad company's freight train, was caused by his being thrown from the steps of the caboose car, while he was engaged in his duties, to his death by the violent, sudden and unusual movement of the train, the element of assumption of risks is eliminated and an exception that the charge erroneously confined the scope of the inquiry thereon is untenable on appeal.

**3. Appeal and Error—Negligence—Contributory Negligence—Instructions—Evidence.**

Where the evidence tends only to show that the plaintiff's intestate was thrown to his death while standing on the steps of the caboose car to a freight train, holding to a grab-iron, preparatory to getting off, in the usual course of his employment, to throw a switch; that the conductor had locked the car behind them and was standing behind him at the time: *Held,* exception that the charge failed to submit to the jury the question of intestate's contributory negligence in not holding to the grab-iron and in going upon the steps is unsupported by the evidence and untenable.

APPEAL by defendant from *Kerr, J.,* at the September Term, 1918, of
WARREN.

This is an action brought by Minnie J. Weldon, administratrix of the
estate of Claude T. Andrews, to recover damages for the death of Claude
T. Andrews, which was alleged to have been caused by his being thrown
under the wheels of the car by the sudden stopping of a freight train on
which he was employed by the Seaboard Air Line Railway Company as
flagman at Norlina, N. C., on 1 November, 1917. The leg of the plain-
tiff's intestate was run over by the wheels of the caboose on defendant's
freight train and so mangled that amputation was necessary. He was
carried from Norlina to Raleigh, his leg was amputated, and he died as
the result of the injury on 4 November, 1917.

The intestate was a flagman on the train, which was preparing to stop
in order to put it on a siding at Norlina. The train was in charge of
C. L. Jeannette, conductor. As the train approached Norlina the con-
ductor and the intestate were in the caboose. Both of them left the
caboose and the conductor locked the door.

The conductor, a witness for the defendant, testified, among other
things: "As we neared the switch Andrews and I came out of the
caboose. He was first and went down on the step and I stood above
him; as we got near the switch I held my hand over Andrews' shoulder
and gave the signal to slow the train. . . . When he fell there was no
jolt of the train that I could discover, and I was standing on the step
above him; he was standing on a lower step preparing to get off. It was
his place to get off and open the switch; his duty was to get off on the
ground safely, as I was to do."

The evidence for the plaintiff tended to prove that the train was
moving at a high rate of speed and was stopped so suddenly and with
such violence that the intestate was thrown from the train and was in-
jured, while the evidence of the defendant tended to prove that the in-
testate jumped from the train.

His Honor charged the jury upon the issue of negligence as follows:
"If you find from the evidence and by its greater weight, as I have
defined to you, that the defendant carelessly and negligently attempted
to stop its train upon which plaintiff's intestate was brakeman, and while
so attempting to stop its train caused said train to suddenly and vio-
lently check up or stop in such an unusual and extraordinary manner as
to cause plaintiff's intestate to be violently thrown off the car upon which
he was riding, or preparing to alight from, and under the said car, and
find that this said negligent, violent and sudden stopping or slowing up
of said train was the proximate cause of the plaintiff's intestate being
ejected from the train and run over, then you will answer this first issue
'Yes.' If you do not so find you will answer 'No.'" There was no ex-
ception to this charge.

This is the only charge upon the issue of negligence except certain general charges defining negligence and proximate cause.

The court also instructed the jury on the second issue as to contributory negligence as follows: "Now as to this issue the burden shifts to the defendant company to satisfy you by the evidence and by its greater weight, as I have defined the same to you, that plaintiff's intestate's injuries and subsequent death was due to his own negligence, in that he carelessly and negligently stepped off defendant's moving train and was thrown down and under same and his leg was cut off, from which injury he died a few days thereafter; if you so find, then you should answer this issue as to contributory negligence 'Yes.' If you do not so find, then you should answer 'No.' "

The defendant excepted to this charge upon the ground that it made the contributory negligence of the plaintiff dependent on his jumping from the train and left out of consideration the allegations of negligence in the answer that the intestate assumed a position on the steps of the caboose while the train was in motion and before it had come to a full stop, and that he failed to hold to the grab-iron on the caboose.

His Honor also instructed the jury on the third issue as to assumption of risk as follows: "The burden is upon the defendant to satisfy you, and by the greater weight of the evidence, that plaintiff's intestate assumed the ordinary risk and hazards incident to his occupation and employment, and which are known to him and are plainly observable, and that the occurrence which threw him from the train was a risk or hazard which he assumed ordinary and incident to his employment in some degree; if you so find you will answer this issue 'Yes'; if you do not so find you should answer this issue 'No.'

"If you find from the evidence and by its greater weight, as I have defined the same to you, that plaintiff's intestate was injured by the negligent conduct of the defendant company; or its agents, or its employees, in stopping or attempting to stop its train in such a manner as to violently throw plaintiff's intestate off the train, you should answer this third issue 'No,' for this doctrine does not include extraordinary risks which an employee does not assume and has no application to injuries which an employee may receive from a negligent act of his master or that of another to whom the master had delegated a duty as his employee." The defendant excepted.

The ground of exception to these instructions upon the third issue is that his Honor confined the doctrine of assumption of risk to those that were ordinary and usual and did not tell the jury that the intestate under certain conditions assumed extraordinary risks of the employment.

The jury returned the following verdict:

1. Was the plaintiff's intestate, Claude T. Andrews, injured by the

negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Did plaintiff's intestate, Claude T. Andrews, by his own negligence contribute to his injury? Answer: "No."

3. Did the plaintiff's intestate, Claude T. Andrews, assume the risk of injury? Answer: "No."

4. What damage, if any, is plaintiff entitled to recover? Answer: "$5,000."

Judgment was entered in favor of the plaintiff upon the verdict, and the defendant excepted and appealed.

*Charles J. Katzenstein, Tasker Polk, and W. E. Daniel for plaintiff.*
*Murray Allen for defendant.*

ALLEN, J. As stated in *Jones v. R. R.,* 176 N. C., 260, "It is the accepted principle in our procedure that a verdict must be interpreted and allowed significance by proper reference to the testimony and charge of the court," and when so considered, the verdict in this case establishes the fact that the plaintiff's intestate had gone upon the steps of the caboose in company with the conductor and in the performance of his duty, and while on the steps he was thrown to the ground and under the train because the train was checked and stopped in an unusual and extraordinary manner.

The court charged the jury that they could not answer the first issue in the affirmative unless the defendant "caused said train to suddenly and violently check up or stop in such an unusual and extraordinary manner as to cause plaintiff's intestate to be violently thrown off the car upon which he was riding," and the finding upon the first issue in response to this charge disposes of the defendant's exceptions to the charges on the issue of assumption of risk because, as held in the *Jones case, supra,* the employee does not assume the risk "in cases of unusual and instant negligence and under circumstances which afforded the injured employee no opportunity to know of the conditions or appreciate the attendant dangers. This doctrine of assumption of risk is based upon knowledge or a fair and reasonable opportunity to know, and usually this knowledge and opportunity must come in time to be of use."

Substantially the same objection was made to the charge of the court in the *Jones case,* and the Court, dealing with the exception of the defendant, said, "But having restricted the fact of liability on the first issue to the single question whether the engineer made the flying switch negligently by bringing his engine to an unnecessary and unusual and sudden stop, and this having been determined in plaintiff's favor, the court, under the authorities, was justified in ruling that there could be

no assumption of risk, and his definition was without appreciable significance and should not be allowed to effect the result."

This fits the facts of the present case and would have justified his Honor in going further than he did, and in instructing the jury that if the intestate of the plaintiff was thrown from the train by reason of an unusual and extraordinary stop, which is the finding on the first issue, that there would be no assumption of risk. The authorities supporting this principle are cited and discussed in the learned and valuable opinion of *Associate Justice Hoke* and the case of *Boldt v. R. R.,* 245 U. S., 442, on which the defendant relied, is considered and distinguished.

The exception to the charge on contributory negligence, in that the court failed to submit to the jury the alleged negligence of the intestate in going upon the steps and in not holding to the grab-iron, is not supported by the evidence as the conductor testified that he had locked the door of the caboose, thereby forcing the intestate either upon the platform or the steps, and that the intestate was standing on the steps in order that he might alight in the performance of his duty to open the switch, and the evidence shows that he had hold of the grab-iron when he was thrown from the train. We see nothing in this tending to prove negligence.

No error.