W. M. BASS v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 3 May, 1922.)

1. **Common Carriers—Carriers—Railroads—Master and Servant—Employer and Employee — Negligence — Commerce—Statutes—Federal Employers' Liability Act.**

Evidence that the plaintiff, an experienced brakeman of a railroad company engaged in interstate commerce, was thrown between a box car and a flat car, while, in the course of his employment, he was crossing from the one to the other with the train in motion, by a sudden and unexpected jerking of the train, of such force as to break his hold upon the box car and jerk the flat car from under his feet; and that the cars had been picked up at a station they had left without inspection of the cars or drawheads is sufficient for the determination of the jury upon the issue of actionable negligence, in an action against the carrier to recover damages under the Federal Employers' Liability Act.

**2. Same—Assumption of Risk.**

The doctrine of assumption of risk, though not wholly abolished by the Federal Employers' Liability Act, has no application where the negligence of a fellow-servant, which the injured party could not have foreseen or expected, is the sole, direct, and immediate cause of the injury, the risks assumed by the employee being only those incidental to the proper and careful operation of the railroad.

**3. Instructions—Negligence—Carriers—Railroads—Personal Injury.**

The instructions as to the measure of damages to be awarded to an employee who received a personal injury caused by the negligence of his employer, a railroad·company, are, in this case: *Held* correct under the ruling approved in *R. R. v. Tilghman,* 237 U. S., 499; *R. R. v. Earnest,* 229 U. S., 114.

APPEAL by both parties from *Finley, J.,* at February Term, 1922, of MECKLENBURG.

This action was brought under the Federal Employers' Liability Act, the plaintiff having been injured while working as a brakeman for the defendant in interstate commerce. Verdict and judgment for plaintiff. Appeal by both parties.

*John C. Wallace and John M. Robinson for plaintiff.*
*F. M. Shannonhouse and W. L. Beam for defendant.*

CLARK, C. J. The plaintiff, a brakeman of 14 years experience, in the line of his duty was proceeding from the cab of a freight train towards the engine while the train was in motion. While stepping from a box car to a flat car there was, according to his evidence, such a violent, sudden, and unusual jerk in the train that "it jerked the flat car from under my foot and it jerked so hard it jerked me loose from the car. It jerked my hold loose and I slipped and went through." The plaintiff's arm·was cut off and he sustained other serious injuries.

The train consisted of an engine and 14 cars. These cars had been picked up and put in the train at Statesville without any inspection being made either of the cars or the drawheads. This appears from the defendant's own witness.

The defendant assigned as error that the court refused to nonsuit the plaintiff. This was rested upon the proposition that under the Federal Employers' Liability Act the plaintiff assumed the risk. It is not necessary to cite the numerous cases illuminating the law applicable, for it has been very clearly enunciated in *Reed v. Director General,* in an opinion filed 27 February, 1922 (Supreme Court Reporter, April, 1922, p. 264), which holds that "The doctrine of the assumption of risk, though not wholly abolished by the Federal Employers' Liability Act, has no

application where the negligence of a fellow-servant, which the injured party could not have foreseen or expected, is the sole, direct, and immediate cause of the injury." In that case *Mr. Justice McReynolds* says: *"Seaboard R. R. Co. v. Horton,* 233 U. S., 492, often followed, ruled that the Federal Employers' Liability Act did not wholly abolish the defense of assumption of risk as recognized and applied· at common law; but the opinion distinctly stated that the first section 'has the effect of abolishing in this class of cases the common-law rule that exempted the employer from responsibility for the negligence of fellow-employee of the plaintiff.' And *Mondou v. R. R.,* 223 U. S., 49, declared that 'The rule that the negligence of .one employee, resulting in injury to another, was not to be attributed to their common employer, is displaced by a rule imposing upon the employer responsibility for such an injury, as was done at common law when the injured person was not an employee'; and added that in *R. R.·v. Ward,* 252 U. S., 18, the Court had said: 'The Federal Employers' Liability Act places the coemployee's negligence, when it is the ground of the action, in the same relation as that of the employer upon the matter of assumption of risk,' " citing *R. R. v. Carr,* 238 U. S., 260; *R. R. v. DeAtley,* 241 U. S., 313.

*Justice McReynolds* further said: "In actions under the Federal act,. the doctrine of assumption of risk certainly has no application when the negligence of a fellow-servant, which the injured party could not have foreseen or expected, is the sole, direct, and immediate cause of the injury. To hold otherwise would conflict with the declaration of Congress that every common carrier by railroad, while engaged in.interstate commerce, shall be liable to the personal representative of any employee killed while employed therein, when death results from the negligence of any of the officers, agents, or employees of such carriers."

To the same purport are numerous decisions in this Court. Among them, *Jones v. R. R.,* 176 N. C., 260; *Weldon v. R. R.,* 177 N. C., 179; and *Lamb v. R. R.,* 179 N. C., 619. All these cases were tried under the Federal statute. Upon the evidence in this case, tending to show that there was a violent and unusual jerk of the train not foreseen by the plaintiff, which caused the .injury, we think the case was properly submitted .to the jury.·

The doctrine of assumption of risk under the Federal Employers' Liability Act is that the employee assumes only the risk incident to the proper and careful operation of the railroad.· It does not exempt the employer from liability for injuries or death whether caused by the negligence of the corporation or by the negligence· of a fellow-servant. The defendant contended that the employer is liable only for injuries caused by the negligence of the company itself as by failure to furnish safety appliances and otherwise; and also that the question of assump-

tion of risk was a question for the court upon the plaintiff's evidence and moved for a nonsuit, which was properly denied.

The plaintiff excepted that the court did not charge the jury correctly as to the measure of damages, but we think that the charge in this respect was correct under the ruling approved in *R. R. v. Tilghman*, 237 U. S., 499, and *R. R. v. Earnest*, 229 U. S., 114.

No error.