# SEABOARD AIR LINE RAILWAY *v.* TILGHMAN.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 713.   Argued April 22, 23, 1915.—Decided May 17, 1915.

The Federal Employers' Liability Act rejects the common-law rule that contributory negligence is a complete defense and adopts the more reasonable rule that the damages shall be diminished in proportion to the amount of negligence attributable to the injured employé.

Where the causal negligence is attributable partly to the carrier and partly to the injured employé the latter is not to recover full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the carrier bears to the negligence attributable to both; the purpose being to exclude from the recovery a proportional part of the total damages corresponding to the employé's contribution to the total negligence.

The trial court should not commit to the jury the duty of determining the amount in which the damages should be diminished by reason of the contributory negligence of the employé without advising them of the rule prescribed by the statute for determining the amount of the diminution.   It should not be left to their conception of what is reasonable.

167 N. Car. 163, reversed.

THE facts, which involve the validity of a verdict in the state court in an action for personal injuries brought under the Employers' Liability Act, are stated in the opinion.

*Mr. Murray Allen* for plaintiff in error.

*Mr. William C. Douglass,* with whom *Mr. Clyde A. Douglass* and *Mr. Robert N. Simms* were on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action in the Superior Court of Wake County, North Carolina, under the Employers' Liability Act of Congress, c. 149, 35 Stat. 65, c. 143, 36 Stat. 291, to recover for personal injuries sustained by the plaintiff in a head-on collision of two passenger trains, of one of which he was the conductor in charge. A trial of the issues resulted in a verdict finding that the plaintiff's injuries were caused by the concurring negligence of the railway company and himself and assessing the damages recoverable by him at $7,000. A judgment in his favor was rendered on the verdict and the company appealed to the Supreme Court of the State where the judgment was affirmed, two judges dissenting. 167 N. Car. 163.

The Federal question which brings the case here is, whether proper effect was given to that part of the statute which deals with the measure of recovery where the employé contributes to his injuries by his own negligence.

At common law there could be no recovery in such a case, the contributory negligence being a complete bar or defense. But this statute rejects the common law rule and adopts another, deemed more reasonable, by declaring (§ 3), "the fact that the employé may have been guilty

of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé." This is followed by a proviso to the effect that contributory negligence on the part of the employé shall not be considered for any purpose where the carrier's fault consisted in the violation of a statute—a Federal statute—enacted for the safety of employés (see *Seaboard Air Line* v. *Horton,* 233 U. S. 492, 503); but this is not such a case, and so the principal provision is the one to be applied. It means, and can only mean, as this court has held, that, where the causal negligence is attributable partly to the carrier and partly to the injured employé, he shall not recover full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the carrier bears to the negligence attributable to both; the purpose being to exclude from the recovery a proportional part of the damages corresponding to the employé's contribution to the total negligence. *Norfolk & Western Ry.* v. *Earnest,* 229 U. S. 114, 122; *Grand Trunk Western Ry.* v. *Lindsay,* 233 U. S. 42, 49.

At the trial the court instructed the jury that, if they found the plaintiff was injured through the concurring negligence of the railway company and himself, they should determine the full amount of damages sustained by him, "and then deduct from that whatever amount you think would be proper for the contributory negligence." This was reiterated in different ways and somewhat elaborated, but the fair meaning of all that was said was that a reasonable allowance or deduction should be made for the plaintiff's negligence and that it rested with the jury to determine what was reasonable. No reference was made to the rule of proportion specified in the statute or to the occasion for contrasting the negligence of the employé with the total causal negligence as a means of

ascertaining what proportion of the full damages should be excluded from the recovery. On the contrary, the matter of diminishing the damages was committed to the jury without naming any standard to which their action should conform other than their own conception of what was reasonable. In this there was a failure to give proper effect to the part of the statute before quoted. It prescribes a rule for determining the amount of the deduction required to be made and the jury should have been advised of that rule and its controlling force.

It results that the objection to the instructions upon this subject was well taken and should have been sustained.

*Judgment reversed.*