### WILLIAMS v. C. & W. C. RY. CO.

#### (113 S. E. 300)

1. MASTER AND SERVANT—NEGLIGENCE AS TO RAILROAD FIREMAN, USING WATER TANK APPLIANCES, HELD FOR JURY.—In an action for injuries to a railroad fireman, who fell when a rope of the water tank came loose as he attempted to pull it, evidence on behalf of plaintiff that·he would have fallen if the rope came loose, regardless of the position in which he was standing, and that the rope slipped off from the hook, *held* sufficient to raise a question for the jury as to defendant's negligence, notwithstanding testimony for defendant that, if the plaintiff had been standing in the position he was instructed to stand, he would not have fallen, and that plaintiff was negligent in pulling too hard on the rope.

2. APPEAL AND ERROR—WHETHER PREPONDERANCE OF EVIDENCE SUSTRIBUTORY NEGLIGENCE UNDER FEDERAL ACT HELD CORRECT.—In an titled to a new trial, because the verdict for plaintiff was against the preponderance of the evidence, was a question for the trial Court, which cannot be considered on appeal.

3. NEGLIGENCE—CHARGE ON APPORTIONMENT OF DAMAGES FOR CONTRIBUTORY NEGLIGENCE UNDER FEDERAL ACT HELD CORRECT.—In an action for injuries to a fireman employed on an interstate train, an instruction that, if plaintiff's negligence contributed to his injury, the negligence of plaintiff and defendant would have to˙ be apportioned, in other words, the damages awarded would be the proportion of the damages suffered by plaintiff which defendant's negligence bore to the combined negligence of both, was correct.˙

4. MASTER AND SERVANT—RISK OF METHOD OF WORK WITHOUT KNOWLEDGE OF DANGER NOT ASSUMED.—The fact that the master had furnished one way of doing the work which was reasonably safe does not establish an assumption of risk by a servant in doing the work

NOTE: Attempting dangerous work in obedience to orders without fully appreciating danger, see note in 4 L. R. A. (N. S.) 838.

Dangers created by the master's negligence, which might have been discovered by the exercise˙of ordinary care on the part of the servant. See note in 28 L. R. A. (N. S.) 1250.

in another way, unless the dangers of the way in which the servant attempted to do the work were known to him, or could have been ascertained by the exercise of reasonable care.

5.  MASTER AND SERVANT—ASSUMPTION OF RISK DEPENDS ON KNOWLEDGE.—The basis for denying the right of recovery to an employee who has sustained an injury under the doctrine of assumption of risk is knowledge or notice of the danger on the part of the person injured.

Before DeVore, J., Hampton, February, 1921. Affirmed.

Action by John Williams against Charleston and Western Carolina Railway Co. Judgment for plaintiff and defendant appeals.

*Messrs. F. B. Grier* and *J. W. Manuel,* for appellant, cite: *No presumption of negligence from accident*: 62 L. Ed. 1167; 72 S. C. 398; 69 S. C. 529; 45 L. Ed. 362; 103 S. C. 102; 66 S. C. 256. *Servant assumes risk of use of appliance in way not intended*: 10 A. L. R. 287. *Master's duty to servant*: 77 S. C. 385; 61 S. C. 489; 89 S. C. 505. *Employers' Liability Act*: 237 U. S. 499; 246 U. S. 330; 96 S. E. 41; 210 S. W. 902; 184 S. W. 1051. *Verdict without supporting evidence is erroneous as matter of law*: 78 S. C. 458.

*Messrs. George Warren* and *Henry C. Roney,* for respondent, cite: *Proof of negligence may be direct or circumstantial*: 72 S. C. 402. *Issue of safe way is for the jury*: 71 Ga. 406; 111 Ga. 711; 76 S. C. 275; 76 S. C. 429: 102 S. E. 856. *Proof of defect in appliances was prima facie evidence of negligence*: 233 U. S. 80; 14 S. E. 808; 18 S. C. 275. *Employers' Liability Act*: 241 U. S. 233; 157 U. S. 72. *Roberts Injuries to Interstate Employees*: 221-2; 214 Fed. 952; 214 Fed. 948. *Errors in charge must be called to attention of Court*: 229 U. S. 114; 202 U. S. 600.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The statement in the case reads:

"This action is brought to recover $25,000 damages on
account of the alleged failure of defendant to provide
proper and safe appliances at the water tank in Varnville,
and in the alleged failure to keep same in a safe and suitable
condition; it being alleged that plaintiff was a fireman for
defendant on an interstate train when he undertook to take
water at Varnville on March 15, 1920, in line with his duties
and the rope which it was necessary for him to pull either
broke or tore loose from its fastening, causing plaintiff to
fall and be injured. Defendant answered by a general
denial, and set up contributory negligence and assumption
of risk. Case was tried at February term, 1921, before
Judge J. W. DeVore and a jury. At close of case
counsel for defendant made a motion for a directed ver-
dict in favor of defendant. Motion was overruled. A
verdict for $4,000.00 was rendered in favor of plaintiff.
Motion was made for a new trial, which motion was over-
ruled. Judgment was entered in favor of plaintiff accord-
ing to amount of verdict. In due course, notice of inten-
tion to appeal was served on plaintiff's attorneys."

At the close of the testimony the defendant moved for a
directed verdict. The motion was overruled, and the jury
found for the plaintiff. From the judgment entered upon
this verdict the defendant appealed.

The first assignment of error is the failure to direct
a verdict. There was no error here. The appellant
claims that the plaintiff was the author of his own
injury. There was testimony to show that, when the ap-
pellant was ordered to get water, his duty was to pull down
the spout and place the end in a hole in the tender, and
stand in front of the water spout, facing the water tank,

with his foot on the end of the spout, and pull the rope
that was attached to a lever; that when the lever was pulled
down it opened a valve in the water tank; that, if the rope
should break or come loose, the plaintiff would be thrown
on a platform 6 feet long by 3 feet wide, and there was
no danger, and that that way was safe; but it was dangerous
to stand as he did, and his fall was due in part to his dan-
gerous position, and in part to the fact that the plaintiff,
in pulling down the rope attached to the end of the lever,
put his whole weight on the rope, while it was necessary
only to use slight force.

The plaintiff testified that, if the rope broke when he
pulled it, he would have fallen off anyway. It is true there
was evidence that it was perfectly safe for a man to fall
uninjured on a platform 6 feet by 3 feet; but it was a ques-
tion for the jury. As to the plaintiff's negligence in putting
too much weight on the rope, it is evident that, if the rope
broke, then the negligence of the plaintiff, if it was
negligence, might have been the proximate cause of
his injury. The rope did not break. There was evi-
dence that the rope was attached to the end of the lever
by a hook in the shape of an S, with both ends open. The
jury might have believed that open ends of the hook were
dangerous, and that when the rope was released it might
catch only by the point of the S, and even a slight pull
would be sufficient to dislodge it. If the S had straightened
out, or the rope had broken, then excessive weight might
have been a factor. There were serious questions of neg-
ligence, and the submission of the case to the jury was
proper.

II. The next assignment of error is in refusing to
grant a new trial. The only new point here is as to
the preponderance of the evidence. That was a
question for the trial Court, and we cannot consider it.

III. The next assignment of error is in the charge.
His Honor charged:

"Well, was the plaintiff guilty of negligence? Did

the plaintiff act on that occasion in such a way as to support the charges against him of being guilty of negligence? I do not know whether he did or not. All I can say to you is, if the plaintiff was guilty of negligence, and his negligence contributed as a direct and proximate cause to his own injury, then, in a case like this, the negligence of the plaintiff and the negligence of the defendant would have to be apportioned. In other words, contributory negligence is not a complete bar to the recovery of the plaintiff. What I mean by that is this: Suppose you were to conclude that the plaintiff had been damaged $9 worth, and you were to conclude that both of them were equally guilty of negligence—guilty of the same amount of negligence, the plaintiff and the defendant. Then the law says that you must apportion that negligence, and in that way the plaintiff would be entitled to recover $4.50; if he was guilty of as much negligence as the defendant, and the negligence of both contributed to the injury equally, then you would have to apportion, as I have just explained to you. If the plaintiff is guilty of one-third as much negligence, and the defendant is guilty of two-thirds as much negligence, then you would have to apportion that way. You would have to ascertain what amount plaintiff was damaged. That's the way I understand it, under this case, the way it has been brought. No defense set up here as contributory negligence is a complete bar to the plaintiff's action."

In the case of *Seaboard Air Line Ry. Co. v. Tilghman,* 237 U. S. 499, 35 Sup. Ct. 653, 59 L. Ed. 1069, we find:

"It means, and can only mean, as this Court has held, that where the causal negligence is attributable partly to the carrier and partly to the injured employee, he shall not recover full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the carrier bears to the negligence attributable to both; the purpose being to exclude from the re-

covery a proportional part of the damages corresponding to the employee's contribution to the total negligence."

We think this sustains his Honor. There can be no proportion, unless there are at least two, and we do not think it prejudicial error to refer to the proportion of the defendant.

The eighth exception is as follows:

"It is respectfully submitted that his Honor committed error in charging the jury as follows: 'If there be two ways, one a dangerous and one a safe way, to do the work, and the servant knows of that, and he performs the work in the dangerous way, he takes the risk on himself, and if that was the cause of the injury, and not the negligence of the defendant, why he could not recover. If there is a safe way and a dangerous way to perform the work, and the servant knows of these ways, it is his duty to perform the work in the safe way and if he undertakes to perform it the dangerous way, and is injured, he could not recover, the error being:

"(a) All that the law requires of the master is to furnish a reasonably safe way and reasonably safe appliances, etc., and if the servant adopts some other way and is injured, he cannot recover. The master is only required to furnish one way, a reasonably safe way, etc.

"(b) In charging that the servant must know of the dangerous way, his Honor committed error because, whether the servant knew or not of the dangerous way, he could not recover if he departed from the reasonably safe way furnished by the master, or whether he knew or not of the dangers of using some other method; he could not recover if the master had furnished, in the first instance, a reasonably safe way or method. In placing on the master the burden of showing that the servant knew of the dangers of the way he adopted, his Honor committed error by imposing on the master an obligation not contemplated by law."

His Honor illustrated by saying that if there were two planks, one sound and the other unsound, and the servant walked on the unsound plank and was injured, he did not assume the risk, unless the servant knew the unsound plank to be unsound. The appellant says that this is error, in that the master had performed his full duty by furnishing a sound plank.

The case of *Bodie v. Railway Co.*, 61 S. C. 489, 39 S. E. 715, relied upon by appellant, is not applicable here. In that case the servant claimed that the way adopted was the way they were accustomed to do it. Custom does not excuse the doing of a thing in a dangerous way, where the danger is known. The principle to be decided is far-reaching. It nearly always happens that, if a man had performed the duty in some other way, he would not have been injured; certainly not injured as he was injured. To declare the law as contended for by the appellant would be to decide that the master may have many ways of approach for the use of the servant, and so long as the master leaves one safe way he is not liable, it makes no difference how dangerous all other ways may become. The rule is more liberal in homicide cases. A man may take human life, if there is no apparently safe way to avoid it; that is, if the slayer did not know of the way to escape. It is not the law that, if there are two ways of doing a thing, the servant must choose the safer way at his peril. It may be that a servant is presumed to know what experience would teach a normal man. There can be no assumption of a risk, of which the man had neither actual or presumed knowledge.

In Ruling Case Law, vol. 18, p. 639, we find: "The basis for denying a right of recovery to an employee who had sustained an injury in course of his employment, whether under the legal theory of contributory negligence, or the more recently developed doctrine of 'assumption of risk,' is knowledge or notice of the danger on

the part of the person injured. If at the time of the injury he had no knowledge of the peril to which he was subjected, he is entitled as a rule to be compensated by the employee; but, conversely, if he did have knowledge of the dangerous condition or instrumentality, all right of recovery is barred."

We see no error in this portion of the charge.

The judgment is affirmed.