ETHEL SHEEHAN, as Administratrix of the Estate of WILLIAM SHEEHAN, v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Appellant.—127 S. W. (2d) 657.

Court en Banc; May 2, 1939.*

*NOTE: Opinion filed at September Term, 1938, April 4, 1939; motion for rehearing filed; motion overruled at May Term, 1939, May 2, 1939.

*T. M. Pierce, J. L. Howell* and *Walter N. Davis* for appellant.

*Eagleton, Waechter, Yost, Elam & Clark* for respondent.

590

PER CURIAM:—Suit by Ethel Sheehan as administratrix of the estate of her deceased husband. On the first trial the verdict and judgment were for defendant. On plaintiff's appeal we reversed and remanded the case; holding that deceased, at the time he received the injuries which caused his death, was engaged in interstate commerce .

and that the action is governed by the Federal Employers'. Liability Act, 45 U. S. C. A., Sections 51-59. We further held that plaintiff made a submissible case and that the trial court erred in giving certain instructions on the burden of proof. [336 Mo. 709, 81 S. W. (2d) 305.]

On the second trial plaintiff obtained a verdict for $49,352.10. The trial court required a *remittitur* of $5,000 and judgment was rendered for $44,352.10.

Defendant has appealed and assigns numerous grounds of error, but those which defendant has briefed and argued may be summed up as follows: (1) that the court erred in refusing to give defendant's instructions in the nature of a demurrer to the evidence; (2) that the court erred in giving plaintiff's instruction number two; (3) that the verdict is excessive.

(1) Appellant contends that the demurrers to the evidence should have been sustained and insists that deceased was not engaged in interstate transportation at the time of injury and, even if he was so engaged, the proof does not make a submissible case under the Federal Act.

On the former appeal we ruled both these points against the present contentions of appellant. The case was retried without amendment of the pleadings and the proof on the second trial was substantially the same as that recited in our former opinion, except that plaintiff made a better case on the question of interstate transportation. On the second trial, plaintiff proved that at the time of Sheehan's injury a truck of interstate merchandise was awaiting the completion of Sheehan's work in oiling the elevator, and was to be immediately transported on the elevator when such oiling was completed. Plaintiff also proved that in her claim now pending before the Missouri Workmen's Compensation Commission defendant has denied liability on the ground that Sheehan was engaged in interstate commerce at the time he was injured.

Under these circumstances our ruling on the former appeal constitutes "the law of the case" and was binding on the court at the second trial. [See Creason v. Harding et al., 344 Mo. 452, 126 S. W. (2d) 1179.]

Appellant contends that our ruling on the former appeal conflicts with the later case of Stogsdill v. Ry., 337 Mo. 126, 85 S. W. (2d) 447. In the Stogsdill case we ruled that the plaintiff, when injured, was not "engaged in interstate transportation, or in work so closely related to it as to be practically a part of it." Stogsdill was injured while oiling machinery used for hoisting coal to storage bins whence needed coal was supplied to locomotives used in intrastate and interstate commerce. In the present case the deceased was injured while oiling an elevator which, in and of itself, was a device used in interstate transportation and at the time a truck of interstate merchan-

dise was waiting to be transported on the elevator as soon as the work of oiling was completed. The elevator, used to carry the merchandise from one floor to another in the station, was as much a part of the transportation system as a locomotive used to haul the merchandise from one station to another. In the Stogsdill case the machinery was used to hoist coal to be stored in bins and later used in locomotives when such *locomotives* were employed in transportation. Clearly, the work of deceased was much nearer related to transportation than the work of the plaintiff in the Stogsdill case and our ruling in that case does not conflict with our ruling on the former appeal in this case.

■ (2) Instruction No. 2 given by the court at request of plaintiff was on the measure of damages and was the only instruction requested or given on that subject. Appellant contends that this instruction was erroneous in that it did not provide for diminution of damages for any contributory negligence of which deceased was guilty. [Defendant cites Bird v. Ry., 336 Mo. 316, 78 S. W. (2d) 389; and Seaboard Air Line Ry. v. Tilghman, 237 U. S. 499, 35 Sup. Ct. 653, 59 L. Ed. 1069.]

In the Seaboard case, supra, the trial court attempted to instruct on the diminution of damages, but the United States Supreme Court held the instruction was improperly phrased. In the Bird case, supra, we held: that the answer properly pleaded contributory negligence; that there was some evidence of contributory negligence; and that plaintiff's instruction on the measure of damages, being the only instruction on that point, was erroneous for failing to provide for diminution of damages on account of contributory negligence.

Appellant claims that her said Instruction No. 2 is not improper because the defendant in the present case did not properly plead contributory negligence and that there was no evidence of such negligence on the part of the deceased.

Under the Federal Act contributory negligence is not a complete defense, and operates only to diminish the damages; but it is an affirmative defense not available unless pleaded or unless conclusively shown by the plaintiff's own evidence.

The defendant's answer in this case included a general denial, assumption of risk, and then stated: "that the injuries received by William Sheehan which caused his death, were the result of his contributory carelessness and negligence;" "the injuries received by the said William Sheehan were solely the result of his own carelessness and negligence as aforesaid." The prayer was that defendant be discharged with its costs.

In the case of O'Donnell v. Ry., 324 Mo. 1097, 1099, l. c. 1110, 26 S. W. (2d) 929, the answer charged that the negligence and carelessness of decedent "directly and proximately" caused his death. In Kamer v. Ry., 326 Mo. 792, 32 S. W. (2d) 1075, l. c. 1083, the

answer alleged that "plaintiff's injuries were due solely to his own negligence." In both those cases we held that the alleged negligence of plaintiff or decedent was pleaded as a complete bar and not as "contributory negligence" in diminution of damages; and we also held that instructions, similar to plaintiff's Instruction No. 2 in the present case, were not erroneous. That ruling is in accordance with the weight of authority in other jurisdictions. [45 C. J. 1119, sec. 697.]

In the present case the answer, while referring in one place to the alleged negligence of Sheehan as "contributory," alleges that the injuries to Sheehan "were *solely* the result of his own careless-ness." This is not a plea of contributory negligence; it alleges nothing which could not be shown under the general denial.

Plaintiff's case was brought and tried on the theory that the injures of deceased were due solely to the negligence of defendant, and defendant seems to have proceeded on the theory that such injuries were due solely to the negligence of the deceased. Plaintiff's said Instruction No. 2 required, among other things, that the jury find "that said William Sheehan was, on the occasion of his injury . . . in the exercise of ordinary care for his own safety." Defendant asked no instruction on the measure of damages, nor that the damages be diminished by reason of any negligence on the part of deceased. We do not think contributory negligence was in issue under the pleadings, and we have searched the record and do not find that such negligence is disclosed by the evidence. We therefore hold that the giving of plaintiff's Instruction No. 2 did not constitute error.

■ (3) Appellant complains that the verdict is excessive.

Sheehan was injured on November 5, 1928, and died on September 23, 1929. He was forty-nine years old when injured; left surviving him a wife, younger than he, and a daughter eleven months old; both dependent on him for support. His life expectancy was 21.63 years and he was earning $44.80 per week. He was in good health and, if he could have maintained his earning power for the entire period of his life expectancy, would have earned a little more than $50,000. During the ten and one-half months he lived after being injured, the proof shows that he constantly suffered intense pain; being frequently given narcotics to alleviate his suffering, but with little relief. He underwent two operations. The proved expenses for medical, hospital, and nursing services were $3868.10.

There is no satisfactory method by which to measure the damages in a case like this. The question has often been considered by this court. For a discussion of recent cases in Missouri see Truesdale v. Wheelock, 335 Mo. 924, 74 S. W. (2d) 585, l. c. 591, and for cases in other jurisdictions, see 2 Paramele on Damage Verdicts, pages 2114-2164.

We have found no case in Missouri, for death under the Federal

594

Employers' Liability Act, and few elsewhere in which a verdict in excess of $30,000 has been permitted to stand. We have found only two Missouri cases which have sustained verdicts for that amount. They are: Truesdale v. Wheelock, supra, and Moran v. A., T. & S. F. Ry., 330 Mo. 278, 48 S. W. (2d) 881-888. In the Truesdale case the deceased was thirty-nine years old, earning $175 to $185 per month, with a life expectancy of 33.21 years and with a wife and six children dependent upon him. A verdict for $35,000 was reduced by this court to $30,000. In the Moran case the deceased was thirty-one years old, earning about $150 per month, with a life expectancy of thirty-five years and with a wife and infant daughter. We affirmed a judgment for $30,000. In both those cases the deceased persons were younger than the deceased in the present case, but their earnings were less and the element of conscious pain over a protracted period was not present as it is in the case now being considered. Also, in both those cases death was immediate and the question of expense for medical services did not arise. Medical expense is a proper element of damages. [Berry v. Ry., 324 Mo. 775, 26 S. W. (2d) 988.] After considering all the circumstances and comparing many previous decisions, we do not think the verdict should be upheld for more than $34,000.

It is therefore ordered that, if respondent will within ten days enter a *remittitur* of $10,352.10 as of the date of judgment, the judgment will be affirmed for the sum of $34,000; otherwise the judgment will be reversed and the cause remanded.

