TOBITHA HENDON, Administratrix of the Estate of WILLIAM THOMAS HENDON, Deceased, for the benefit of herself as the widow, and for the benefit of RAYMOND HENDON, EARLING HENDON, BILLIE HENDON, EVELYN HENDON, and WILLIE IRENE HENDON, as the heirs and next of kin of WILLIAM THOMAS HENDON, Deceased, v. J. M. KURN and JOHN G. LONSDALE, Trustees in Bankruptcy for the ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellants.—No. 38474.—174 S. W. (2d) 806.

Division Two, August 27, 1943.

As Modified on Denial of Rehearing, November 1, 1943.

*E. G. Nahler* and *Ward & Reeves* for appellants.

982

*Ivy & Nailling* and *Hal H. McHaney* for respondent.

984

BOHLING, C.—This is an action for the alleged wrongful death of William T. Hendon under the Arkansas law. Tobitha Hendon, widow and administratrix of decedent's estate, is plaintiff-respondent. She recovered a judgment for $15,000. J. M. Kurn and John G. Lonsdale, trustees in bankruptcy for the St. Louis-San Francisco Railway Company, are defendants-appellants. This review covers a case made, alleged error in instructions and the amount of the verdict. The facts may be briefly stated.

Plaintiff's decedent met his death about 4:00 P. M. August 9, 1941, a clear bright day, when an automobile in which he was riding and one of defendants' fast passenger trains collided at a highway-railroad grade intersection, known as the San Souci or Mound crossing, about

1700 feet north of Grider station (a nonstop station) in Mississippi county, Arkansas. The highway, a gravel road, and the railroad extend in a northeasterly and southwesterly direction, with the highway converging upon the railroad at an acute angle as it extends southwesterly and when approximately 20 to 50 feet east of the railroad proceeding in a westerly curve and crossing the railroad at approximately a right angle. The tracks are at a slight elevation above the highway grade. There are no obstructions to the view between the highway and the railroad, except a small "patch of woods" estimated at 700 to 800 feet north of the crossing. The auto and the train were traveling southwesterly; the former at a speed estimated between 20 and 35 miles an hour and the latter at a speed estimated between 65 to 75 miles an hour. Otis Jackson, the owner, was operating the automobile, apparently en route to Grider. He was on the left-hand side of the front seat, with his wife at his side. Deceased was seated behind Jackson on the rear seat, with his small son, to his right. They knew the crossing. All were killed instantly.

The submissibility of plaintiff's case involves the Arkansas comparative negligence statute. It reads:

"In all suits against railroads, for personal injury or death, caused by the running of trains in this State, contributory negligence shall not prevent a recovery where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; provided, that where such contributory negligence is shown on the part of the person injured or killed, the amount of recovery shall be diminished in proportion to such contributory negligence." Sec. 11153, Pope's 1937 Ark. Dig.

The sufficiency of the petition is not questioned.

Defendants' answer embraced a general denial, coupled with special pleas going [808] only to the merits of the cause of action.

A general demurrer to plaintiff's evidence was offered.

Plaintiff submitted her case on the charge of negligence that defendants failed to give statutory warning signals, abandoning several charges of negligence. There was evidence pro and con on the submitted issue. We need not set it out.

Defendants contend deceased was guilty of contributory negligence as a matter of law equal to or greater than that of defendants' employees. They stress Bradley v. Missouri Pac. Rd. Co. (1923), 288 Fed. 484, an action for the death of one Bradley occasioned by a collision between an automobile and a train at a highway-railroad intersection in Prescott, Arkansas, Bradley riding on the rear seat as the guest of one Brown, who was operating the automobile. Brown also was killed. There the occupants of the automobile could have seen the train from a point 40 feet from the track for a distance of 800 feet along the track; the automobile could have been stopped within

a few feet; and Brown and Bradley were familiar with the crossing and the train schedule (l. c. 486). The court pointed out (l. c. 493 [4]) that the presumption of due care on the part of Bradley could not prevail against evidence or against physical facts showing that due care could not have been exercised; that is, that such presumption would assume that Bradley saw the train, warned Brown, Brown refused to stop and Bradley then tried to get out of the automobile, stating (l. c. 495): "If the presumption could be carried thus far, it would conflict with another equally strong presumption, viz. that when Brown was warned of the near approach of the train he would exercise the instinct of self-preservation likewise and not drive immediately in front of a fast approaching instrument of death." In the circumstances the court said "the presumption of due care on his [Bradley's] part is unavailing. It cannot offset such positive evidence of negligence as the physical surroundings present." The court held Bradley guilty of contributory negligence of such a degree as to overbalance any negligence on the part of the railroad as a matter of law (l. c.s 485, 495, 496). The court considered the negligence of Brown not imputable to Bradley (l. c. 488[3]), stating (l. c. 489): ". . . we . . . place our decision squarely on the ground that, outside of any question involving the conduct of Brown, Bradley himself is conclusively shown by the record to have been guilty of contributory negligence." The court reasoned (486, 487): "The only reasonable inference that can be drawn from their conduct is that they did not look, or, if they did and saw the train, deliberately took the chance of beating it over the crossing. If the former, they were guilty of gross negligence—if the latter, gross recklessness. If parties driving automobiles persist in gambling with death at railroad crossings, their estates should not be augmented by damages if death win. Care, not chance, is the requisite at railroad crossings."

Defendants point out that the Bradley case has received the approval of the Supreme Court of the State of Arkansas, the above reasoning being quoted and applied in Missouri Pac. Rd. Co. v. Dennis (Ark.), 166 S. W. 2d 886, 889[6, 7]; Missouri Pac. Rd. Co. v. Davis, 197 Ark. 830, 125 S. W. 2d 785, 787[2, 3]; Missouri Pac. Rd. Co. v. Doyle, 203 Ark. 1111, 160 S. W. 2d 856, 858[3]. These and other cases cited by defendants involved the operators of the vehicle (the Davis case involving parties engaged in a joint enterprise). A distinction is to be drawn between the negligence of the operator of the vehicle and a mere guest therein. In Miller v. Union Pac. Rd. Co. (1933), 63 Fed. 2d 574, a demurrer to the plaintiff's evidence was sustained on the ground that a husband and wife were each guilty of contributory negligence as a matter of law barring any recovery for their deaths in the husband's operation across railroad tracks of an automobile in which they were riding in such manner that it was

struck by a train and they were killed. The Bradley case, supra, and others were cited as authority for the holding. The United States Supreme Court however, upon review (290 U. S. 227, 78 L. Ed. 285, 54 S. Ct. 172), while affirming the action nisi with respect to the death of the husband, the operator of the automobile (l. c. 231), reversed the judgment and remanded the cause with respect to the death of the wife. Some broad observations may be found in the opinion; but the precise issue presented and ruled was whether the wife was guilty of contributory negligence barring recovery as [809] a matter of law. The court stated the applicable rule was found in the majority opinion in Southern Pac. Co. v. Wright (C. C. A. 9th), 248 Fed. 261, 264, and overruled the Bradley case, supra, on the point. The court ruled (l. c. 233) that, in an entire absence of evidence on the point, the question of the wife's (guest's) contributory negligence was not one of law but one of fact for the jury. Consult Stringfellow v. Atlantic C. L. Rd. Co., 290 U. S. 322, 78 L. Ed. 339, 54 S. Ct. 175. Jenkins v. Kurn, infra, was under the Federal Employers' Liability act but its reasoning is applicable. There the decisive issue was whether the fireman's hollering to the engineer for him " 'to pull the brake valve over in emergency' " was substantial evidence that the fireman notified the engineer of imminent danger. The record contained no indication that the engineer understood what the fireman said. We (346 Mo. 904, 144 S. W. 2d 76) held the showing not substantial on the issue of notification; but the United States Supreme court in reversing our holding (313 U. S. 256, 258, 85 L. Ed. 1316, 61 S. Ct. 934) said: "But to establish the fact of communication petitioner had only to prove that the engineer should have comprehended the warning under the circumstances disclosed. He [the fireman] was not obligated to go further and produce evidence of the subjective reactions in the engineer's mind. . . . There was evidence from which the jury could have concluded that if not subject to any physical disability the engineer would have comprehended petitioner's monition and understood that peril was imminent." Consult Burge v. Wabash Ry. Co., 244 Mo. 76, 94, 148 S. W. 925, 929; McFadden v. Baldwin (Mo. App.), 119 S. W. 2d 36, 42[11]. Logically, like inferences should give rise to like conclusions of negligence as a fact on the part of a plaintiff and defendant.

In the instant case the train approached the intersection at a much greater speed than the automobile. Decedent's view of the train was to the right and to the rear of the automobile. The train overtook and collided with the automobile at the crossing. In the circumstances and absent affirmative evidence on the issue, we may not find as a matter of law that decedent's contributory negligence was equal to or greater in degree than that of defendants' employees. The following among other cases involving guests sustain this conclusion: St. Louis-S. F. Ry. Co. v. Beasley (Ark. 1943), 170 S. W. 2d

667, 670[5]; Missouri Pac. Rd. Co. v. Johnson (Ark.), 164 S. W. 2d 425, 426[2]. Consult also: Missouri Pac. Rd. Co. v. Powell, 196 Ark. 834, 120 S. W. 2d 340, 353[3]; Missouri Pac. Rd. Co. v. Henderson, 194 Ark. 884, 110 S. W. 2d 516, 520[7, 12]; Kirkdoffer v. St. Louis-S. F. Ry. Co., 327 Mo. 166, 179 (V), 37 S. W. 2d 569, 574[10].

Several of defendants' contentions may be considered together. They say that plaintiff failed to prove an essential fact, i. e., that she was the personal representative of William T. Hendon, deceased. They also complain that the instructions failed to require a finding that plaintiff had the legal right to prosecute the action, or that deceased left a widow surviving, or that he left any next of kin, or that J. M. Kurn and John G. Lonsdale were trustees of said bankrupt railroad. (Issues of this nature may be easily and should be avoided.) These facts were well pleaded in plaintiff's petition, the verification of which contained a specific statement that plaintiff was administratrix of her deceased husband's estate. Plaintiff proved that she was the widow of and that certain named children were all the surviving children of William T. Hendon, deceased. Defendants did not put said facts in issue by any special plea. Their answer so far as material here, was a general denial. From what is said in David v. St. Louis, I. M. & S. Ry. Co., 53 Ark. 117, 13 S. W. 801, 802, it appears in the instant circumstances that plaintiff, as administratrix and personal representative of her deceased husband, had a primary right to institute any tort actions he might have instituted had he survived as well as to institute the tort action for his wrongful death. Secs. 1273, 1277, 1278,* Pope's 1937 Ark. Dig.; Southwestern G. & E. Co. v. [810] Godfrey, 178 Ark. 103, 10 S. W. 2d 894, 895[1]. An issue that plaintiff has not the legal capacity to sue or that there is a defect of parties plaintiff or defendant is waived if not specifically raised by demurrer or answer. Secs. 926, 922, R. S. Mo. 1939; Baxter v. St. Louis-S. F. Ry. Co., 198 Mo. 1, 6(I), 95 S. W. 856, 857; Benton v. Thompson (Mo. App.), 156 S. W. 2d 739, 747[14] (certiorari quashed, 349 Mo. 1075, 163 S. W. 2d 967); Reed v. Inness (Mo. App.), 102 S. W. 2d 711, 717[13]. "It has repeatedly been held in this state that a general denial admits the capacity in which the plaintiff sues or in which defendant is sued." Wolford v. Scarborough, 224 Mo. App. 137, 140, 21 S. W. 2d 777, 779[3]; State ex rel. v. Shain, 334 Mo. 617, 621[3], 66 S. W. 2d 826, 827[4]; 25 C. J. S., p. 1199; 1 Houts Mo. Pl. & Pr., p. 165, nn. 16, 17, p. 158, nn. 85, 86. Midland

---

*Section 1277 makes the guilty party civilly liable for wrongful death.

Section 1278, in part, reads: "Every such action shall be brought by, and in the name of, the personal representatives of such deceased person, and if there be no personal representatives, then the same may be brought by the heirs at law of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person . . . .; and, in every such action, the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries, resulting from such death, to the wife and next of kin of such deceased person. . . ."

Val. Rd. Co. v. LeMoyne, 104 Ark. 327, 148 S. W. 654, 659[3], is to like effect. Defendants waived any factual issue with respect to plaintiff's capacity to sue and any defect of parties plaintiff or defendant. The mentioned factual matters were not contested issues nisi. It is not reversible error to assume the existence of admitted or undisputed facts in instructions. Sec. 1228, R. S. 1939; Davidson v. St. Louis Tr. Co., 211 Mo. 320, 356, 109 S. W. 583, 593. Under like reasoning the failure of instructions to require a finding of facts not required to be established by evidence before the jury should not be reversible error. Consult Jones v. Kurn (Mo. App.), 157 S. W. 2d 797, 800[6], where an instruction referred to the railroad instead of these defendants as its trustees in bankruptcy. The facts and the issues here presented by defendants differ from the issue ruled in Carpenter v. Kurn, 345 Mo. 877, 894[5], 136 S. W. 2d 997, 1006 [11, 12]; Mrs. Carpenter not being the party primarily entitled to sue.

The contentions are ruled against defendants.

■ Defendants say Instruction II referred the jury to the petition to determine defendants' negligence. Instruction I (plaintiff's) predicated a recovery on finding defendants negligent in failing to comply with statutory requirements for the ringing of the bell or the sounding of the whistle on the locomotive upon approaching the highway-railroad grade intersection, unless decedent's negligence, if any, equaled or exceeded defendants' negligence. Instruction II (plaintiff's) informed the jury if they found "that the defendant company was guilty of any negligence with reference to the ringing of the bell or the blowing of the whistle as alleged in the petition," and further found deceased guilty of contributory negligence, but of a less degree than defendants, they were to reduce the amount of the recovery. The attack is against the alleged general issue presented by instruction II of negligence "with reference to the ringing of the bell or the blowing of the whistle *as alleged in the petition.*" Plaintiff's petition contained six charges of negligence. Only one set up negligence in failing to ring the bell or sound the whistle on approaching the highway-railroad grade intersection. Instruction I submitted this charge of actionable negligence in a conditional verdict-directing instruction; while instruction II, conditioned upon a finding of defendants' actionable negligence as aforesaid, informed the jury of the effect of contributory negligence, if any, of deceased. Instruction 4 (defendants') directed a defendants' verdict upon a finding that either the bell was ringing or the whistle sounding on approaching the crossing and instruction 5 required a defendants' verdict upon a finding that decedent's negligence, if any, was equal to or greater than defendants' negligence, if any, with reference to the ringing of the bell or the sounding of the whistle. While of opinion it would have no bearing on the issue, we mention that plaintiff's pe-

tition also charged defendants with negligence in failing and refusing "to warn . . . of the approach of the . . . train . . . in any manner," a somewhat general allegation; which charge and all other charges of negligence in the petition, save the one respecting the ringing of the bell or sounding of the whistle, were withdrawn from the jury's consideration by specific withdrawal instructions given at the request of defendants. Reference to the petition for the facts in instructions is not to be approved. The phrase "as alleged in the petition" was an [811] unhappy choice. Under the given instructions the jury had to find the facts as stated in instruction I "with reference to the ringing of the bell or the blowing of the whistle" to return a plaintiff's verdict and could not have been misled as to what constituted negligence in said respect in the instant case. In the circumstances the fault did not constitute reversible error. The reference to the petition appears to be surplusage. Pollard v. Carlisle (Mo. App.), 218 S. W. 921, 922[5]; Hartpence v. Rogers, 143 Mo. 623, 633(3), 45 S. W. 650, 652(3).

A complaint not heretofore considered against plaintiff's instruction III, telling the jury "the measure of damages will be such a sum as you find from the evidence to be a fair and just compensation . . . for the pecuniary losses and injuries resulting to them by reason of the death of" Mr. Hendon, is that it ignored contributory negligence on the part of the deceased. The complaint is based upon the portion of the Arkansas comparative negligence law providing that recovery, where plaintiff is negligent but to a less degree than a railroad, "shall be diminished in proportion to such contributory negligence." Sec. 11153, supra. Plaintiff contends the instruction follows the Arkansas statute on the measure of damages in death cases (Sec. 1278, quoted in footnote supra), and that the omitted matter is covered in plaintiff's instruction II (quoted infra); citing cases holding that all instructions are to be read together and stressing Owens v. Kansas City, St. J. & C. B. Rd. Co., 95 Mo. 169, 181; McDonald v. Kansas City Gas Co., 332 Mo. 356, 364 [5, 6], 59 S. W. 2d 37, 40 [6-9]. Defendants make no reply. They stress two cases under the Federal Employers' Liability Act; viz.: Bird v. St. Louis-S. F. Ry. Co., 336 Mo. 316, 329, 78 S. W. 2d 389, 395 states of a somewhat similar issue that "If there is evidence of contributory negligence, this instruction is one of misdirection, and, therefore, erroneous"; but also says "No other instruction was given to the jury which directed them, in the event they found respondent contributorily negligent, to reduce the amount of his damages in proportion to his negligence." Crecelius v. Chicago M. & St. P. Ry. Co., 274 Mo. 671, 685(II), 205 S. W. 181, 186[8], held juries are to be instructed that they must and not that they merely are authorized to diminish the damages on account of the injured's contributory negligence. Seaboard Air Line Rd. Co. v. Tilghman, 237 U. S. 499,

501, 35 S. Ct. 653, 59 L. Ed. 1069, held an instruction leaving the diminution of the damages on account of contributory negligence according to the jury's own conception of what was reasonable to be erroneous, as the Federal act prescribes the rule for determining the proper deduction. Instruction II in the instant case after directing the jury, in the event they found defendants and deceased both negligent, to compare the negligence on the part of deceased and defendant and if the railroad were guilty of negligence in a greater degree than deceased to return a verdict for plaintiff, continued: "but you will reduce the amount of their recovery in such sum as you may deem proportionate to the deceased's negligence as compared with the negligence of the defendant railroad." Defendants make no complaint of the quoted clause. The issue is limited to the stated omission for diminishing any recovery from the measure of damages instruction—instruction III. Delano v. Roberts (Mo. App.), 182 S. W. 771, 774[7], holds a defendant, desiring to have the damages reduced on account of plaintiff's failure to properly care for himself, should request an instruction to that effect. Harris v. St. Louis & S. F. Rd. Co. (Mo. App.), 200 S. W. 109, 113 a Federal Employers' Liability act case, mentions, without ruling the precise issue, our rule of practice requiring a defendant who desires to limit the amount of damages to ask an instruction to that effect. Moran v. Atchison, T. & S. F. Ry. Co. (Banc), 320 Mo. 278, 294, 48 S. W. 2d 881, 887 [18, 19], applied the rule that a "failure to give an instruction, in the absence of a request so to do, is not misdirection, but mere nondirection, which is not error," to a situation where neither party requested an instruction or diminution of damages because of contributory negligence under said Federal act. Followed in Johnson v. Chicago & E. I. Ry. Co., 334 Mo. 22, 35[10], 64 S. W. 2d 674, 680[15]. Sheehan v. Terminal Rd. Assn. of St. Louis, 344 Mo. 586, 592[2], 127 S. W. 2d 657, 658 (certiorari denied, 308 U. S. 581, 60 S. Ct. 102, 84 L. Ed. 487), held, citing authority, that the plea of contributory negligence in diminution of damages under the Federal act "is an affirmative defense not available unless pleaded or unless conclusively shown by plaintiff's own evidence;" and where the case is tried on the theory the injuries were the result of either the defendant's negligence or plaintiff's [812] negligence a plaintiff's measure of damage instruction was not erroneous because it omitted all reference to diminution of damages on account of contributory negligence. To like effect: Kamer v. Missouri-K. T. Rd. Co., 326 Mo. 792, 808, 32 S. W. 2d 1075, 1083[13] (certiorari denied, 282 U. S. 903, 51 S. Ct. 216, 75 L. Ed. 795). These cases indicate the fault is of nondirection when covered by other instructions. We think a distinction exists between the measure of damages and the diminution of damages because of contributory negligence. The two are separate subject matters. They are not coincidental. This, under the

words of the statute, because it contemplates diminishing the "recovery" in proportion to the injured's "contributory negligence." The "amount of recovery" to "be diminished" and "diminished in proportion to" the injured's "contributory negligence" present separate factual issues for the jury's consideration. We think matters relating to the merits and matters relating to the damages need not be commingled in individual instructions; that an instruction limited to its principal subject matter tends to avoid confusion; and that trial courts are vested with authority to supervise an intelligent submission of a cause in the furtherance of justice. In any event, defendants' cases, where the omitted matter is covered in another instruction, do not disclose reversible error. Consult St. Louis I. M. & S. Ry. Co. v. Cobb, 126 Ark. 225, 190 S. W. 107, 109[4]; St. Louis-S. F. Ry. Co. v. Fine, 184 Ark. 940, 44 S. W. 2d 340, 343[8], certiorari denied, 286 U. S. 552, 76 L. Ed. 1287, 52 S. Ct. 502; Kusturin v. Chicago & A. Rd. Co., 209 Ill. App. 55, 66. The point is disallowed.

Mr. Hendon was thirty-six years old August 9, 1941, at his death. His widow was thirty-five years old at the time of the trial; November, 1942. He had six children (one of whom was killed in the same accident), between the ages of sixteen and one. He was gauge observer for the United States Government and was working on fleet No. 7. When not thus employed, he would farm and do other work. There was evidence putting his average monthly wage at $100. Defendants direct our attention to and cite no authority in support of their contention that the $15,000 judgment is excessive. Our investigation does not result in our conclusion that the judgment is in all events excessive. Southwest Power Co. v. Price, 180 Ark. 567, 22 S. W. 2d 373, 376[10]; Hallbrook v. Williams, 185 Ark. 885, 50 S. W. 2d 243, 244[5]; Arkell v. Baltimore & O. R. Co. (Mo.), 131 S. W. 2d 590, 593[6] (citing cases).

The judgment is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.