FILLMORE N. BRIST, ADMINISTRATOR OF THE ESTATE OF FREDERICK W. BRIST, JR., DECEASED, FOR THE BENEFIT OF THE WIDOW OF THE DECEASED, TO-WIT, ELSIE BRIST, AND THE BENEFIT OF THE CHILDREN OF THE DECEASED, TO-WIT, FREDERICK W. BRIST, III, AND ELSIE K. BRIST, BEING THE HEIRS AT LAW AND NEXT OF KIN OF THE SAID FREDERICK W. BRIST, JR., DECEASED, RESPONDENTS, v. J. M. KURN AND FRANK A. THOMPSON, TRUSTEES IN BANKRUPTCY FOR THE ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, APPELLANTS.—189 S. W. (2d) 419.

Springfield Court of Appeals. August 28, 1945.

Rehearing Denied. September 21, 1945.

*E. G. Nahler* and *Ward & Reeves* for appellants.

*Wils Davis, L. E. Tedrick* and *Hal H. McHaney* for respondent.

916

918

920

BLAIR, J.—This action was filed in Dunklin County, Missouri, in May, 1943, and, on change of venue, went to Butler County, Missouri. It resulted in a hung jury on the first trial. A second trial occurred in Butler County, Missouri, in July, 1944, and resulted in a verdict for plaintiffs against J. M. Kurn and Frank A. Thompson, as trustees, in the sum of $7500. Kurn has since died and Thompson is now the sole appellant. The appeal is from the judgment so rendered.

Defendants asked instructions in the trial court in the nature of demurrers to the evidence, both at the close of plaintiffs' case and at the close of all the evidence. It will be necessary to consider the latter, as plaintiffs are entitled to the benefit of whatever, if anything, developed in the case after defendants' evidence was in.

Appellant complains here only of the sufficiency of the evidence, and we need consider only that point.

While the engineer and fireman of appellant testified positively that the whistle was blown at the proper place and that the bell on the engine was rung a long distance before the fatal accident, the jury had the right to disregard their testimony, as it evidently did, and accept the testimony of others, that neither whistle nor bell was sounded before the accident, as they should have been sounded, and therefore the jury found that defendant was negligent, and we must start off with that presumption.

It appears that Frederick W. Brist, Jr., and three negroes were in a Ford truck, crossing the St. Louis-San Francisco Railroad at a point in Mississippi County, Arkansas, when that truck was struck by a passenger train of the Frisco Railroad. Brist and the negro who was in the seat with him were instantly killed. The two negroes, who were in the rear of the truck and had to look through cracks, saw the approaching train and jumped from the truck before the crossing was reached and thus escaped injury.

The question in this case is whether or not, can the verdict of the jury in Butler County, Missouri, in July, 1944, for an accident happening in Arkansas and tried in Missouri, be sustained under the Arkansas law.

Section 1277 of Pope's Digest of the Statutes of Arkansas, is as follows:

"Wherever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony. [Act March 6, 1883, Sec. 1, p. 76.]"

The plaintiffs are, therefore, proper parties, under the laws of Arkansas.

Section 11153, of Pope's Digest of the Statutes of Arkansas, reads as follows:

"In all suits against railroads, for personal injury or death, caused by the running of trains in this State, contributory negligence shall not prevent a recovery where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; provided, that where such contributory negligence is shown on the part of the person injured or killed, the amount of recovery shall be diminished in proportion to such contributory negligence. [Acts, 1919, p. 143, Sec. 1.]"

Respondents cite, Missouri Pacific Railroad Co. v. Magness, 206 Ark. 1081, 178 S. W. (2d) 493. We note that in that case it was nearly dark and the crossing was muddy and slippery. Plaintiff saw the approaching train and thought he could get across the track, but his automobile was struck in the rear and plaintiff was injured. There was presumptively negligence of defendant under those circumstances and the comparative negligence rule was applied by the Arkansas Supreme Court. Plaintiff's recovery was permitted to stand.

In St. Louis-San Francisco Railway Co. et al. v. Beasley et al., 205 Ark. 688, 170 S. W. (2d) 667, cited by respondents, and in which we note an attorney for respondents here was also an attorney for Beasley, et al., there was not only a high embankment at the crossing, but the view of the driver of the car approaching that crossing was somewhat obstructed by weeds. The comparative negligence of the driver was held properly submitted and such driver's contributory negligence was held not properly imputable to others in the car with him.

In Mo. Pac. Railroad Co. et al. v. Creekmore, 193 Ark. 722, 102 S. W. (2d) 553, cited by respondents, and decided in 1937, the railway crossing was "entirely obscured." The lights of the automobile were also seen by the fireman, who told the engineer. The engine then was coming out of a cut about 200 feet from the crossing.

The comparative negligence doctrine was applied in that case and under those circumstances.

In Hendon v. Kurn et al. (Mo.), 174 S. W. (2d) 806, the action was for the death of one riding in the rear seat, at a railroad crossing approached at an angle. That accident happened in the same county in Arkansas as the case at bar.

It was there held, not only that the negligence of the driver could not be imputed to the deceased, but that his contributory negligence could not be regarded as great as the negligence of the railroad company, in view of the finding of the jury to the contrary.

In Kirkdoffer v. St. Louis-San Francisco Railway Co., 327 Mo. 166, 37 S. W. (2d) 569, cited by respondents, and which also occurred in Arkansas, and was tried in Butler County, Missouri, the Missouri Supreme Court reversed the judgment and remanded the case. Plaintiff was not the driver of the automobile at the crossing, and, of course, the contributory negligence of the driver of the automobile could not well have been imputed to plaintiff, regardless of other questions in the case. Further, it seems that he crossed the railroad tracks at nearly a right-angle at the crossing, while the highway approached the crossing at a sharper angle, and the engineer saw the automobile 250 to 300 yards before it reached the crossing. The judgment was held to be improper for other reasons, but it was held that the very happening of the collision at the crossing between the engine and the automobile raised a presumption of negligence on the part of the railroad, and entitled plaintiff to go to the jury, since it did not appear that plaintiff's injuries were due to his own contributory negligence.

Plaintiff cites Ramey v. Missouri Pacific Railroad Co., 323 Mo. 662, 21 S. W. (2d) 873. In that case, the view of one approaching the railroad crossing in Arkansas was obstructed, until the crossing was almost reached. The instructions were approved and it was held that a submissible case was made by plaintiff.

From all the cases cited by appellant and respondents, the rule in Arkansas seems to be that the negligence of the railroad is presumed when there is a collision at a railroad crossing, unless there are facts in evidence showing that the contributory negligence of the injured was equal to, or greater than, the negligence of the railroad. Such has frequently been declared to be the rule by the Supreme Court of Arkansas.

Appellant has cited a number of cases where the accident was declared to be due to the negligence of the injured, and we will cite a few here, to-wit: Missouri Pacific Railroad Co. v. Dennis, 205 Ark. 28, 166 S. W. (2d) 886; Missouri Pacific Railroad Co. v. Carruthers, 204 Ark. 419, 162 S. W. (2d) 912; Missouri Pacific Railroad Co. v. Howard, 204 Ark. 253, 161 S. W. (2d) 759, and other cases.

In the light of the cases cited by appellant and respondents, it is necessary for us to review the facts, as shown by all the evidence in this case. The pictures in evidence are very eloquent. They show that the concrete highway parallels the railroad track for a long distance. It was not until Brist turned toward the railroad tracks at the crossing that the engineer of appellant's train could have had the remotest notion that Brist, with the automobile he was driving, would attempt to negotiate the crossing, if Brist and the automobile were seen at all, even on the highway. It appears that there was a "blind" spot on the engine, which cut off the engineer's view, except directly to the right and near the crossing itself.

Brist was moving at about 15 miles per hour, and apparently approached the railroad crossing at that speed; but he was then going uphill and could readily have stopped within a very short distance. The train was moving toward the crossing at a speed of .60 or 70 miles per hour, and was running toward the sun at that hour. The train was on time. A train had been moving along that track and over that crossing every day for a long time, a fact apparently well known by everyone.

The deceased was thoroughly familiar with that crossing. He had an open window in the direction from which the train was coming, and the sun was to his right and shining upon the approaching train. Deceased had been over that crossing that very day. He had no reason to expect a vehicle to approach the crossing from the other side of the crossing, even though the railroad was 6 or 8 feet higher than the highway at that point, as there was at least one switch track on the other side about 12 feet from the main track, and only about a foot lower than the main track.

It is idle to talk about obstructions. True, a line of poles was along the west side of the railroad track. The pictures in evidence show that such poles constituted no obstruction to a view of the railroad tracks for hundreds of feet. Besides, two men in the rear of the automobile driven by the deceased did not have their view obstructed and they saw the approaching train through the cracks in the back of the automobile in time to jump out of the automobile and be uninjured.

If Brist had taken the trouble to glance through the window at his left, he would have seen the approaching train. While the negligence of the railroad is presumed under the Arkansas law, there is not the slightest suggestion in this record that the train could have been stopped or even its speed slackened before the automobile was struck.

We are constrained to hold that, even if appellant failed to blow the whistle or ring the bell on the engine, and was therefore negligent, as the jury must have found, the contributory negligence of Brist was equal to or greater than any possible negligence of appellant. The

924

instruction in the nature of a demurrer to the evidence at the close of all the evidence should have been given, and it becomes our duty to reverse the judgment below.

It is so ordered. *Fulbright, P. J.*, and *Vandeventer, J.*, concur.