## Nora Daniel et al. v. Rowena M. Mason.

### Decided November 19, 1896.

**Guardian's Bond on Writ of Error.**

Article 1443, Revised Statutes, 1895, exempting executors, administrators and guardians from giving bond for costs, applies only to suits brought by them in their fiduciary character as plaintiffs in the trial court. Article 1408, granting a s milar exemption from giving bond on appeal or writ of error, relates only to appeal from the trial court to the Court of Civil Appeals. There is no law exempting a guardian, defendant in the trial court, from the requirement that he should give bond in proceeding by writ of error from the Court of Civil Appeals to the Supreme Court and he will be required so to do.

Error to Court of Civil Appeals for Second District, in an appeal from Tarrant County.

Motion to permit plaintiffs in error to prosecute writ without bond. The guardian ad litem for minor defendants in the trial court prosecuted, without giving bond, a writ of error from a judgment in favor of plaintiff. The judgment being affirmed, the guardian obtained writ of error from the Supreme Court, who in granting the writ, required him to file writ of error bond.

*Sidney L. Samuels,* for plaintiff in error.

*Seth W. Stewart,* for defendant in error.

GAINES, Chief Justice.—Under a general order of the court, the applicants for the writ of error having given no bond upon the suing out of the writ from the District Court to the Court of Civil Appeals, upon granting the writ a rule was entered that the plaintiffs in error should file a writ of error bond, as required by the statute. This is a motion to rescind that order, and to permit the plaintiffs in error to prosecute their writ without bond.

The writs of error to this court and to the Court of Civil Appeals were prosecuted by the guardian ad litem of certain minor defendants in the trial court.

Article 1443 of the Revised Statutes of 1895 provides that "executors, administrators, and guardians, appointed by the courts of this State, shall not be required to give security for costs in any suit brought by them in their fiduciary character." But this applies only to executors, administrators and guardians who are plaintiffs in the trial court. Article 1408 also provides that "executors, administrators, and guardians appointed by the courts of this State, shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity." But this article is found in Chapter 19 of Title 30 of the Revised Statutes, which chapter relates exclusively to appeals and writs of error from the trial court to the Court of Civil Appeals. It is clear that it was not intended to lay down a rule as to writs of error from the latter courts to the Supreme Court. The provision which governs in cases of writs of error to this court is found in Article 942, and is as follows: "If the writ of error be granted and the plaintiff in error has given no bond, then the Supreme Court, in granting the writ, shall specify what bond shall be given, and the plaintiff in error shall file said bond in the trial court, to be approved by the clerk of said court, and a certified copy thereof shall at once be transmitted to the Supreme Court, and upon the filing of said certified copy the clerk of the Supreme Court shall issue the citation in error as may be prescribed by the rules of the Supreme Court." Upon this requirement, the Legislature in its wisdom has seen proper to engraft no exceptions, and we are not at liberty to make one upon reasons derived from the spirit of other statutes in reference to costs and appeals.

We have hitherto so ruled, but in an informal manner. A motion having been filed in this case we deem it proper to express our opinion in writing for the future guidance of litigants.

The application is overruled, but the plaintiffs in error are allowed ten days from this date in which to file a bond, in the sum of $100.

*Motion refused.*