JONES v. KANSAS CITY SOUTHERN RY. CO. (No. 762—4730.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1927.)

1. Appeal and error ⚖=1122(2)—Court of Civil Appeals may make finding of contributory negligence, contrary to jury's finding, only as matter of law.

The Court of Civil Appeals cannot make a finding of contributory negligence, as a fact, contrary to jury's finding, since a finding of contributory negligence by that court must necessarily be as a matter of law.

2. Master and servant ⚖=289(30)—Car inspector, struck by locomotive, held not guilty of contributory negligence, as matter of law (federal Employer's Liability Act [U. S. Comp. St. §§ 8657–8665]).

In death action, under federal Employer's Liability Act (U. S. Comp. St. §§ 8657–8665), instituted by administrator of car inspector, killed by locomotive, deceased *held* not guilty of contributory negligence, as a matter of law.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Franklin Jones, administrator of D. R. Ferguson, deceased (Leonard Jones, originally), against the Kansas City Southern Railway Company. Judgment in the Court of Civil Appeals, reversing a judgment in favor of the plaintiff on rehearing (287 S. W. 304), which set aside judgment of affirmance (282 S. W. 309), and plaintiff brings error. Reversed, and judgment of trial court affirmed.

Jones, Jones & Buck, of Marshall, and Keeney & Dalby, of Texarkana, for plaintiff in error.

King, Mahaffey & Wheeler, of Texarkana, for defendant in error.

SPEER, J. This is a death action instituted by Leonard Jones, administrator of D. R. Ferguson, deceased, against the Kansas City Southern Railway Company. The action was brought, under the federal Employer's Liability Act (U. S. Comp. St. §§ 8657–8665), for the benefit of the minor children of D. R. Ferguson, deceased.

The case was tried before a jury, upon whose findings the court entered judgment for the plaintiff, but that judgment was reversed and the cause remanded by the Court of Civil Appeals. That court first reversed and remanded; later, upon the motion for rehearing it affirmed; and still later, upon a further rehearing, it returned to the original judgment of reversal and remanding. Chief Justice Willson dissented upon the last rehearing and expressed his view that:

"The proper disposition of the appeal was made when the judgment of the court below was affirmed." 282 S. W. 309; 287 S. W. 304.

The judgment was reversed, the court through its majority holding that the facts showed, as matter of law, that the deceased was guilty of contributory negligence proximately contributing to his death, and the cause was remanded, since there was nothing in the record from which it could estimate the amount to be deducted from the recovery under the federal act. The issue of contributory negligence had been found in the trial court in favor of the administrator. It is clear, we think, this holding of the majority is upon a question of law, for Justice Levy, writing for the majority, leaves no room to think otherwise. He says:

"The negligence of the railway company, as could be found by the jury, in failing to ring the bell, as customarily done, was not the sole cause, but a concurring cause of the injury. *The negligence of the deceased contributed to his injury.* Hence the injury was partly the result of the negligence of the company and *of the negligence of the deceased.*" (Italics ours.)

[1] This clearly indicates the Court of Civil Appeals was making its own finding of negligence, which it could only do as matter of law. If it had meant to reverse for the insufficiency of the evidence to support the verdict, as matter of fact, it would have remanded the cause for a jury finding upon that issue (Taber v. Dallas County, 101 Tex. 241, 106 S. W. 332), the evidence being, at least, conflicting.

In the opinion on the first rehearing, when the judgment of the trial court was affirmed, it is stated:

"Both the appellant and the appellee now challenge the conclusion of fact and say 'there is no evidence from which the jury or the court could reasonably find that deceased was sitting or squatting dangerously near the track.'"

This was the finding of fact upon which was based the court's conclusion that the deceased was guilty of contributory negligence, as matter of law, and to which conclusion the majority returned on defendant in error's motion for rehearing. On the administrator's motion for rehearing, whereon the judgment was affirmed, the case was considered upon the basis of the facts found and the evidence, unaffected by the court's conclusion of law that the deceased was guilty of contributory negligence, and it is to this opinion Chief Justice Willson adheres in his final dissent.

[2] We think the views of Chief Justice Willson, as expressed in the opinion last above referred to, are correct and that the Court of Civil Appeals through its majority erred in its holding that the facts showed, as matter of law, that the deceased was guilty of contributory negligence proximately contributing to his death. No useful purpose would be subserved in adding to what was

said in the opinion for affirmance by the Court of Civil Appeals.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court be in all respects affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.