## KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* JONES, ADMINISTRATOR.

CERTIORARI TO THE SUPREME COURT OF TEXAS.

No. 349.    Argued March 8, 1928.—Decided March 19, 1928.

An experienced car inspector was found dead with his lantern, at night, between a track on which a freight train was being made up and the main track parallel to it, over which a train, by which he was probably killed, had passed with much noise and a bright light, but with bell silent, twenty minutes before his body was discovered. He was last seen alive twenty minutes before the train passed. There were indications that there was nothing to inspect at the time when the accident occurred.

*Held,* that a verdict of damages based on the assumption that he was engaged in inspecting the freight cars, relying on the customary ringing of the bell, and so absorbed in his work that he did not hear the approaching train, was mere guess-work. P. 304.

291 S. W. 528, reversed.

CERTIORARI, 275 U. S. 514, to a judgment of the Supreme Court of Texas, which, reversing the Court of Civil Appeals, affirmed a judgment for damages recovered from

the railway in an action under the Federal Employers'
Liability Act. The judgment of the Supreme Court was
entered on the recommendation of the Commission of
Appeals. See 282 S. W. 312; 287 *Id.* 304.

*Mr. A. F. Smith,* with whom *Messrs. Frank H. Moore,
J. J. King, J. Q. Mahaffey,* and *S. W. Moore* were on the
brief, for petitioner.

*Mr. S. P. Jones,* with whom *Mr. Franklin Jones* was on
the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action under the Employers' Liability Act
for the death of one R. D. Ferguson, who was a car in-
spector on the petitioner's road. No one saw the death,
but the body was found between the main track and a
parallel track, and the probability is that Ferguson was
killed by a train going north on the former. A freight
train was being made up on the parallel track, and the
hypothesis of the respondent, supported by little if any-
thing except the place where the body and the lantern
of the deceased were found, is that Ferguson was en-
gaged in inspecting the cars, and so absorbed in his work
that he did not hear the approaching train, but was
relying upon the ringing of the engine bell, which usually
was rung but which the respondent's witness say was
not rung on this occasion. The Court below sustained
the verdict on this ground. Ferguson was seen not later
than a quarter before seven in the evening, so far as time
can be fixed. The train passed at five minutes after
seven, the time at which it was known by him to be due.
His body was found at twenty-five minutes after seven.
He was an experienced man. The indications are that
there was nothing for him to inspect at the probable
time of his death. At best it is a mere guess that he

was so engaged, still more that he was absorbed in such work. The main track was straight and the train was making a great noise and showing a bright light as it approached. Nothing except imagination and sympathy warranted a finding that the death was due to the negligence of the petitioner rather than to that of the man himself. It is unnecessary to consider whether if the case for the plaintiff were stronger the principle of *Chesapeake & Ohio Ry. Co.* v. *Nixon,* 271 U. S. 218, would apply.

*Judgment reversed.*