E. 308; Kŏch v. Lyon, 82 Mich. 513, 46 N. W. 779.

Plaintiff in error concedes that where a conspiracy is shown, the declaration of one conspirator is admissible against the others, even though made in their absence, if such declaration is made during the pendency of the conspiracy and is fairly within the scope thereof. He insists, however, that the conspiracy here involved terminated when Minney conveyed the property to Johnson. We are not prepared to assent to this view. If Johnson and Minney entered into a conspiracy to conceal Minney's property from his creditors by placing it in Johnson's name, which there was evidence tending to show, the conspiracy had not terminated so long as Johnson held such title in his own name. Minney's declarations subsequent to his conveyance to Johnson were clearly within the scope of the object and purpose for which the conspiracy was formed. The conspiracy was a continuing one which the parties were engaged in carrying out at the time Minney's declarations were made; hence his declarations tending to show he was still interested in the property were admissible against Johnson, even though made in his absence. Chicago Lumber Co. v. Cox, 94 Kan. 563, 147 P. 67; Cox v. Vise, 50 Ark. 283, 7 S. W. 136; 22 C. J. 22, p. 366, § 438, and authorities there cited.

We therefore recommend an affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.

Roberts, Monteith, Baring & Wilson and Edgar Monteith, all of Houston, for defendants in error.

LEDDY, J. Plaintiffs in error were appellees in the Court of Civil Appeals. From an adverse decision in that court they applied for, and were granted, a writ of error.

Upon granting the writ a rule was entered by the Supreme Court requiring plaintiffs in error to file a writ of error bond as provided by the statute. Such order has not been complied with, but plaintiffs in error have filed an affidavit in forma pauperis in lieu of bond and insist that this entitles them to be heard by the Supreme Court.

In the case of Daniel v. Mason, 90 Tex. 162, 37 S. W. 1061, this question was determined adversely to plaintiffs in error's contention. In that case the Supreme Court construed article 942, Rev. St. 1895, in regard to giving bond in such cases, and, in interpreting the statute, held that no exceptions had been ingrafted upon this statute, and the court was therefore not at liberty to make one "upon reasons derived from the spirit of other statutes in reference to costs and appeals."

Under the authority of the above case, the application for writ of error must be dismissed.

We therefore recommend that plaintiffs in error's application for writ of error be dismissed.

CURETON, C. J. Application for writ of error dismissed, as recommended by the Commission of Appeals.

**REYNOLDS et al. v. McMAN OIL & GAS CO. et al.** (No. 887—4592.)

Commission of Appeals of Texas. Section B. March 20, 1929.

**GRAHAM et ux. v. CLEARMAN et al.** (No. 1009—5191.)

Commission of Appeals of Texas, Section B. March 13, 1929.

J. W. Thomas and Walter Miller, both of Belton, and I. F. Graham, of Kerrville, for plaintiffs in error.