## JONES v. KANSAS CITY SOUTHERN RY. CO.

Motion No. 8660; No. 762—4730.

Commission of Appeals of Texas, Section B. June 25, 1930.

Franklin Jones, of Marshall, for the motion.

**LEDDY, J.**

In this case plaintiff in error, as administrator, recovered a judgment in the trial court against defendant in error. On appeal the Court of Civil Appeals (287 S. W. 304) reversed the judgment and remanded the cause for another trial. A writ of error was granted upon the application of plaintiff in error, and the administrator executed a writ of error bond in the sum of $200 as required by the order of the Supreme Court in granting the writ. The Supreme Court (291 S. W. 528) reversed the judgment of the Court of Civil Appeals and affirmed that of the trial court, whereupon the Supreme Court of the United States (275 U. S. 514, 48 S. Ct. 35, 72 L. Ed. 401) granted a writ of certiorari (276 U. S. 303, 48 S. Ct. 308, 72 L. Ed. 583), and upon hearing reversed the judgment of the Supreme Court and awarded costs of the writ, amounting to nearly $1,000, against the plaintiff in error, remanding the case to the Supreme Court of this state for further proceedings not inconsistent with its opinion.

The plaintiff in error has tendered with his motion for mandate the full amount of his writ of error bond of $200, which is more than sufficient to pay costs awarded against him in the state courts. With said motion the administrator has filed his affidavit in an attempt to comply with article 1774 of our statutes, in which it is set forth that the estate of which he is administrator is insolvent, and that he, as administrator, is unable to pay such costs. The affidavit does not show that the administrator personally is not solvent and amply able to pay the costs awarded against him by the Supreme Court of the United States.

An administrator is not exempted by our statute from giving security for costs, except in the trial court and on appeal to the Court of Civil Appeals. Daniel v. Mason, 90 Tex. 162, 37 S. W. 1061. Whether by reason of such fact he is liable individually for costs awarded against him by other appellate courts is an open question which we are asked to determine in favor of plaintiff in error.

The judgment of the Supreme Court of the United States requires the payment of the costs of that court by the plaintiff in error. We do not feel warranted in deciding the question as to whether the administrator, where the estate he represents is insolvent, is individually liable for such costs. To do so would require us to construe the judgment rendered by the Supreme Court of the United States. The proper construction of that judgment is peculiarly within the province of the tribunal rendering same. It is the prerogative of that court to determine whether its judgment as to payment of costs can be avoided in the manner here sought.

Plaintiff in error's motion for issuance of mandate without payment of costs should be denied, without prejudice to his right to obtain the relief desired at the hands of the Supreme Court of the United States.