## CHANNELL v. SAMPSON.
### No. 3466.

Circuit Court of Appeals, First Circuit.

Dec. 29, 1939.

Hubert C. Thompson, of Boston, Mass. (John C. Twomey, of Boston, Mass., on the brief), for appellant.

James T. Connolly, of Boston, Mass. (Walter R. Donovan, of Boston, Mass., on the brief), for appellee.

Before WILSON and MAGRUDER Circuit Judges, and PETERS, District Judge.

MAGRUDER, Circuit Judge.

This is a suit for personal injuries received in a collision between a car driven by defendant's testator and a car in which the plaintiff was riding in the company of her husband, who was driving.

Plaintiff had a verdict and judgment below. The sole question raised on this appeal is whether the trial judge was in error in ruling that there was sufficient evidence for the jury upon the issue of negligence, the formal motions made by the defendant under Rule 50(b), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, having been denied.

Passing upon the motion for a directed verdict, the trial judge had to exercise a judgment on the facts in determining whether there was substantial evidence from which it would not be unreasonable for the jury to infer negligence. Similarly, in reviewing the trial judge's action on such a motion, the appellate court must exercise a judgment on the facts, but from a less advantageous viewpoint. In this case, for example, the testimony of one of the eye-witnesses was in elaboration of diagrams which he was drawing on a blackboard in the courtroom, and read in print the testimony is quite unintelligible. In many borderline cases, the appellate court might uphold a ruling either way, because it could not say, from a reading of the cold record, that the trial judge was clearly wrong in his judgment as to the sufficiency of the evidence. The present might indeed be such a case. However that may be, we

do decide that the trial judge was not in error in ruling as he did that there was sufficient evidence of negligence to go to the jury.

 Plaintiff's car, a Buick, was proceeding northward on a main highway on Christmas afternoon. A misty rain or sleet was falling, which made the way very slippery. A Ford car, driven by defendant's testator, was approaching from the opposite direction. A third car, travelling ahead of the Ford, started to skid across the highway to the left. According to the plaintiff's witnesses, the driver of the Buick had to swerve to the left to avoid being hit by this skidding car. This in turn caused the Buick to skid slowly, and swing across to the edge of the concrete on the other side, where it came to rest, facing south.

The plaintiff and her husband testified that, after the Buick stopped, an appreciable interval elapsed before the Ford car crashed into the right side of the Buick. Mr. Sampson testified that the Ford first struck the Buick "in the middle on the running board and the right spare tire, then the rear end bounced around and struck my car on the right rear side." Photographs of the damaged cars were introduced as exhibits and seem to be consistent with Mr. Sampson's testimony in this respect. Evidence for the defense tended to show that the Buick car, while still skidding, crashed into the Ford car which defendant's testator had driven across a lawn on his right side in a frantic effort to avoid the collision. Plaintiff testified that when the Buick began to skid the Ford car was about 350 feet away. Even if this was a considerable overstatement of the distance, as the defendant insists must have been the case, the jury might still have concluded that a driver of ordinary care and skill could have so managed the Ford as to avoid hitting the errant Buick, considering the modest speed at which the Ford was proceeding (15 miles per hour) if the evidence for the defense is to be credited, and considering further that the driver of the Ford had warning of an impending mix-up when the car ahead of him started skidding across the road in the path of the northbound traffic. In the alternative, the jury might have inferred that the Ford was travelling considerably in excess of 15 miles per hour and perhaps too fast for icy pavements and misty rain, considering that it ran up to 60 or 65 feet across the neighboring lawn, incidentally knocking over a tree from 5 to 8 inches in diameter, and considering the very extensive damage to the two cars resulting from the collision.

The judgment of the District Court is affirmed with interest and costs.