JENKINS *v.* KURN ET AL., TRUSTEES.

No. 732.   Argued April 8, 1941.—Decided May 5, 1941.

Mr. *Harry G. Waltner, Jr.* for petitioner.

Mr. *Frank C. Mann,* with whom Mr. *Alexander P. Stewart* was on the brief, for respondents.

Mr. Justice Murphy delivered the opinion of the Court.

When the interstate train on which he was fireman emerged from a curve on the outskirts of Winfield, Kansas, petitioner sighted a train standing not more than six hundred feet ahead on the same track. He shouted to the engineer to push the brake valve over in emergency. The engineer turned and looked at him but did nothing to arrest the movement of the train. Petitioner jumped from his seat, crossed the cab, and stood behind the engineer for a brief time but said nothing. When the engine was but two or three car lengths from the standing train, the engineer applied the brakes. At that moment petitioner leaped from the engine and landed in some rocks along the track. He sustained serious injuries and to recover damages brought the instant action under the Federal Employers' Liability Act (45 U. S. C. §§ 51–59) against respondents in a Missouri circuit court.

The complaint contained five counts charging negligence, but only the fourth was submitted to the jury. Count four alleged: ". . . that said engineer . . . was further negligent in that after he was notified by [petitioner] that the [train] was standing on said track near said crossing, he failed to immediately apply the air in the emergency, to stop said train, which negligence created a dilemma of imminent peril, which forced [petitioner] to jump from said train in order to save his life, or some bodily harm."

The case was tried before a jury which returned a verdict of $12,000. From judgment in that amount entered for petitioner, respondents appealed, assigning various errors. Confining its attention to one, the Supreme Court of Missouri held that the circuit court should have granted respondents' motion for a directed

verdict. It reversed the judgment but did not remand the cause for a new trial. 146 Mo. 904; 144 S. W. 2d 76. We granted certiorari, 312 U. S. 675.

It is conceded that the action was properly brought under the Federal Employers' Liability Act. The single question is whether the trial court correctly refused to direct a verdict for respondents.

In explanation of its conclusion that the trial court erred, the Supreme Court of Missouri observed: "The burden was on [petitioner] to establish that he notified the engineer to go into emergency. He did not so notify him unless the engineer understood what was said, and there is not even a scintilla of evidence that the engineer understood what [petitioner] said." In other words, not only must petitioner prove that he moved to warn the engineer of the impending danger, but he must prove the engineer's subjective comprehension and correct interpretation of that warning, verbal or otherwise. We cannot agree.

To be sure, petitioner was required by the allegations of his complaint to prove that he acted promptly and reasonably to awaken the engineer to the danger ahead. Since the only count submitted to the jury charged that the engineer was negligent in failing to apply the brakes after notice of the train in front, petitioner was compelled also to prove that the notice was communicated to the engineer. But to establish the fact of communication petitioner had only to prove that the engineer should have comprehended the warning under the circumstances disclosed. He was not obligated to go further and produce evidence of the subjective reactions in the engineer's mind. The right of action conferred by § 51 is not to be burdened with impossible conditions.

There was evidence from which the jury could have concluded that if not subject to any physical disability the engineer would have comprehended petitioner's mo-

nition and understood that peril was imminent. Petitioner testified without contradiction that he "hollered" his warning loudly; that only a narrow space separated his perch from the engineer's seat; that the engineer's hearing was "all right"; that petitioner and the engineer could and did carry on "normal conversations" while the train was operating; and that there was comparatively little noise in the cab from the train.

Judged by the test outlined above, that evidence was ample to warrant submission of the issue to the jury. Since other questions, which our decision does not touch, were presented to the Supreme Court of Missouri, the judgment is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*