The NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPA-NY, Defendant, Appellant,

v.

Joseph DOX, Plaintiff, Appellee.

No. 5294.

United States Court of Appeals First Circuit.

Nov. 22, 1957.

Noel W. Deering, Boston, with whom David W. Walsh, Lexington, Mass., was on brief, for appellant.

Hyman Katz, Boston, Mass., with whom Bear & Bear, Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

## PER CURIAM.

This was a complaint filed under the Federal Employers' Liability Act, as amended, 45 U.S.C.A. § 51 et seq., by a machinist in the employ of The New York, New Haven & Hartford Railroad Company. The district court, being of opinion that plaintiff had shown enough to get to the jury, submitted the case to the jury, and after that body had returned a verdict for the plaintiff the district court declined to enter judgment for defendant notwithstanding the verdict. See Rule 50(b) Fed.Rules Civ. Proc. 28 U.S.C.A. On the present appeal from the judgment for the plaintiff entered pursuant to the jury verdict, the sole question presented to us by appellant is a frequently recurring one—whether the district court committed reversible error in leaving the case to the jury. We affirm the judgment of the district court.

So that appellant may be under no misapprehension of the grounds of our affirmance, we say that we recognize the following propositions to be true beyond doubt:

■ 1. However archaic and outmoded may be the principles of law applicable, the Congress deliberately chose, in the Federal Employers' Liability Act, to make the carrier's liability dependent upon a proof of fault or negligence on the carrier's part.

■ 2. Laying aside certain common law defenses which have been modified or abolished by the Federal Employers' Liability Act, as amended, and focusing on the issue of negligence upon which the carrier's prima facie liability is made to depend, a Federal Employers' Liability Act case is just like any other case of personal injuries alleged to be due to negligence, so far as concerns the issues of negligence and of "proximate cause".

■ 3. Therefore, plaintiff's right to a jury trial, as guaranteed by the Seventh Amendment to the Federal Constitution, is not an unqualified right to have the jury pass on issues of negligence and proximate cause in all cases. At the date of the adoption of the Seventh Amendment, and for centuries prior thereto, the common law had prescribed a function to be performed by the trial judge, as well as a function to be performed by the jury, in the determination of issues of negligence and of proximate causation. See Herron v. Southern Pacific Co., 1931, 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857. The jury was the body competent to decide all questions of credibility of witnesses, and all questions of fact fairly in dispute, together with inferences reasonably to be drawn therefrom. But the case might never reach the jury, because the trial judge had to determine the preliminary issue whether the plaintiff had shown enough from which a fair-minded jury might legitimately return a plaintiff's verdict. This preliminary issue is usually said to be a "matter of law", since it is for the court to decide, but it is really a preliminary exercise of judgment on the facts. As we said in Channell v. Sampson, 1939, 1 Cir., 108 F.2d 315:

> "Passing upon the motion for a directed verdict, the trial judge had to exercise a judgment on the facts in determining whether there was substantial evidence from which it would not be unreasonable for the jury to infer negligence. Similarly, in reviewing the trial judge's action on such a motion, the appellate court must exercise a judgment on the facts, but from a less advantageous viewpoint. In this case, for example, the testimony of one of the eyewitnesses was an elaboration of diagrams which he was drawing on a blackboard in the courtroom, and read in print the testimony is quite unintelligible. In many borderline cases, the appellate court might uphold a ruling either way, because it could not say, from a reading of the cold record, that the trial judge was clearly wrong in his judgment as to the sufficiency of the evidence. The present might indeed be such a case."

4. Of course, an honest and conscientious intermediate appellate court may possibly commit an error in its judgment on the facts, either in ruling that the plaintiff had shown enough to get to the jury, or in ruling that it was a proper case for a directed verdict for defendant. In either situation, the intermediate appellate court runs the risk of being reversed by the Supreme Court on certiorari, as has been done often enough in both situations. See Davis v. Kennedy, 1924, 266 U.S. 147, 45 S.Ct. 33, 69 L.Ed. 212; Baltimore & Ohio R. R. Co. v. Groeger, 1925, 266 U.S. 521, 45 S.Ct. 169, 69 L.Ed. 419; Missouri Pacific R. R. Co. v. Aeby, 1928, 275 U.S. 426, 48 S.Ct. 177, 72 L.Ed. 351; Kansas City Southern Ry. Co. v. Jones, 1928, 276 U.S. 303, 48 S.Ct. 308, 72 L.Ed. 583; Atlantic Coast Line R. R. Co. v. Davis, 1929, 279 U.S. 34, 49 S.Ct. 210, 73 L.Ed. 601; Chesapeake & Ohio Ry. Co. v. Mihas, 1929, 280 U.S. 102, 50 S.Ct. 42, 74 L.Ed. 207; Pennsylvania R. R. Co. v. Chamberlain, 1933, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Swinson v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 1935, 294 U.S. 529, 55 S.Ct. 517, 79 L.Ed. 1041; Jenkins v. Kurn, 1941, 313 U.S. 256, 61 S.Ct. 934, 85 L.Ed. 1316; Bailey v. Central Vermont Ry., Inc., 1943, 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Tennant v. Peoria & Pekin Union Ry. Co., 1944, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Blair v. Baltimore & Ohio R. R. Co., 1945, 323 U.S. 600, 65 S.Ct. 545, 89 L.Ed. 490; Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Ellis v. Union Pacific R. R. Co., 1947, 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Stone v. New York, Chicago & St. Louis R. R. Co., 1953, 344 U.S. 407, 73 S.Ct. 358, 97 L.Ed. 441.

On the other hand, the Supreme Court may agree with the appraisal of the proven facts made by the intermediate appellate court. Western & Atlantic R. R. v. Hughes, 1929, 278 U.S. 496, 49 S.Ct. 231, 73 L.Ed. 473; Brady v. Southern Ry. Co., 1943, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Eckenrode v. Pennsylvania R. R. Co., 1948, 335 U.S. 329.

69 S.Ct. 91, 93 L.Ed. 41; Herdman v. Pennsylvania R. R. Co., 1957, 352 U.S. 518, 77 S.Ct. 455, 1 L.Ed.2d 508.

5. Whether or not the Supreme Court should have issued a writ of certiorari to bring up for review the determination below in the above-cited cases is no proper concern of the intermediate appellate court. However that may be, the intermediate appellate court, in a case like the present, has an inescapable function to perform in deciding whether the plaintiff proved enough to get to the jury. We have to perform that function honestly and conscientiously, let the chips fall where they may in so far as possible further appellate review is concerned.

6. Where the trial judge has made the preliminary determination that there ought to be a directed verdict for defendant, we often find it difficult to disagree with the district court's judgment on the facts, with the result that a judgment for defendant is affirmed. But where the district court has thought otherwise, and has left the case to the jury, which has found for the plaintiff, a judgment of reversal on appeal would amount to setting our judgment on the facts against both that of the trial judge and of the jury, an eventuality that naturally makes us hesitate even more.

■ In the case at bar, the plaintiff-appellee proved facts tending to show the following: Dox had worked as a machinist for the appellant railroad since 1918. On December 5, 1955, he was engaged in servicing a Diesel engine which was standing motionless in an engine house. In the course of his employment he had occasion to walk along a running board or catwalk on the outer edge of the Diesel engine. This catwalk was composed of two split levels, the upper level being 6 ft. 3 in. above the concrete floor of the engine house and the lower level being 5 ft. 6 in. above the floor. The step down to the lower level was thus 9 inches. The Diesel engines which were owned and operated by the defendant railroad were equipped with a safety rail or guard rail at the exterior edge of the catwalk at about 3 feet above the surface

of the catwalk. On the day in question, Dox was working upon a Diesel engine which had recently been rented by the railroad from the U. S. Army and which had no guard or safety rail on the outer edge of its catwalk. Instead of that, this particular Diesel engine had attached to the side of the engine, and near the roof, at a height of 6 feet above the running board, a pipe handrail which bent sharply downward at the step down from the upper to the lower level of the catwalk. As Dox was stepping down to the lower level of the catwalk, he lost his grip on the overhead handrail and fell down to the concrete engine floor below, thereby sustaining the injuries for which this action was brought.

On the issue of negligence, the trial court charged the jury, in terms which were satisfactory to the defendant, as follows:

"The plaintiff says that he was injured through the failure of the railroad to exercise due care, specifically by failing to provide him with a safe place to work. It is the duty of the railroad company, under the Federal Employers' Liability Act, to supply to railroad employees a reasonably safe place for them to perform their work. There is no obligation to provide the finest and best equipment in the land. But there is a duty to furnish that sort of place to work which, taking into account scientific and technological advances and taking into account general circumstances, is reasonably safe.

Now, it may very well be that a railroad company, with respect to part of its equipment, goes beyond the standard of what is reasonably safe. If the railroad company goes beyond the standard, then it does not follow that it must, with respect to all its equipment, maintain this excessively high standard. What the railroad is required to do is to furnish a reasonably safe place, and in considering what is a reasonably safe place you are to take into account the practices in the industry, including the practices of the defendant, of other railroad companies and of others who have such equipment.

The fact that a railroad borrows or leases equipment from the United States government or from anybody else neither enlarges nor reduces its duty. That is to say, the fact that The New York, New Haven & Hartford Railroad in this particular case happened to be using equipment which was owned by the United States and leased by the New Haven is of no practical significance because the duty of the New Haven, whether it uses its own equipment or uses leased equipment, is to furnish a reasonably safe place to work.

Needless to say, I am not going to tell you whether I think that this particular Diesel engine was reasonably safe. It is entirely a question of fact for you as to whether you think, taking into account the type of catwalk that was there, which involved a step down from one level to another level, it was reasonably safe not to have a guard rail at the side. I do tell you, however, it is the burden of the plaintiff, Mr. Dox, to persuade you by the preponderance of the credible evidence that there was a lack of safety and that there was a failure on the part of the railroad to exercise the care which a reasonable and prudent railroad would exercise, taking into account the general nature of such equipment in the railroad industry."

From an inspection of the photographs introduced in evidence as exhibits, it is obvious enough that a guard rail such as the railroad had on its own Diesel engines, running along the outside edge of the catwalk, would have been safer than was the overhead handrail with which this particular locomotive was supplied. We think a jury could fairly conclude that the Diesel engine, equipped as this one was, did not constitute a reasonably

576

safe place to work within the test laid down by the district judge.

A judgment will be entered affirming the judgment of the District Court.