Nellie May **SHELTON**, also known as Nellie Mae Shelton, Appellant,

v.

Charles Thomas **JONES** and Lemon Jacob Bennett, Appellees.

No. 9651.

United States Court of Appeals Fourth Circuit.

Argued Jan. 8, 1965.

Decided Jan. 26, 1966.

William G. Anderson, Roanoke, Va., for appellant.

James C. Turk, Radford, Va. (John N. Dalton and Dalton, Poff & Turk, Radford, Va., on brief), for appellee Charles Thomas Jones.

A. Linwood Holton, Jr., Roanoke, Va. (Eggleston, Holton, Butler & Glenn, Roanoke, Va., on brief), for appellee Lemon Jacob Bennett.

Before HAYNSWORTH, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Chief Judge.

Deeming the evidence insufficient to support a verdict for the plaintiff, the District Court entered a judgment for the two defendant-motorists after a jury was unable to agree upon a verdict. The plaintiff has appealed, contending that a jury issue was created.

In darkness and freezing weather the plaintiff, Miss Shelton, was traveling east on Route 11 in Virginia. There had been an earlier snow and the roadway was wet in places, while ice had formed on a bridge some eleven miles west of Salem. When Miss Shelton ran upon that ice-covered bridge, her automobile began to skid and fishtail. She had not been going fast, and she brought her car to a stop after traveling approximately 150 feet upon the ice-covered bridge. In the process, her engine stalled and the car came to a stop slightly askew in the eastbound lanes in which she had been traveling.

Before Miss Shelton could restart her automobile, the defendant, Jones, who had been traveling behind her, saw her in front of him and applied his brakes. By the time his brakes were applied however, he was on the bridge and he too began to skid on the ice. He collided with the rear end of Miss Shelton's car, throwing Miss Shelton upon the ice. She picked herself up and approached the Jones vehicle. As she did so, the defendant Bennett, traveling the road behind Jones, saw the automobiles of Miss Shelton and Jones on the bridge ahead of him. He too applied his brakes, but by that time he also was on the ice. He crashed into the Jones vehicle and Miss Shelton was hit, sustaining substantial injury.

The facts as recited are based upon the testimony of Miss Shelton and that of a highway patrolman, who testified as to the statements made to him by Jones and Bennett during his investigation of the collision. According to the patrolman, each of them had stated that he was traveling at approximately forty-five miles per hour, that he applied his brakes as soon as he saw signs of the obstruction of the roadway ahead, but, when his brakes were applied, he was on the ice and was helpless. The defendants, themselves, offered no defense, but went to the jury upon the case made by the plaintiff.

Under these circumstances, we think the case was properly submitted to the jury in the first instance.

It is well known, of course, that mishaps upon ice frequently produce chain reactions, and that motorists becoming successively involved may do so without discernible fault on their part. It does not follow, however, that their involvement is always without fault. The circumstances are infinitely varied, and the care, or want of care, of particular motorists involved in a collision on ice must be determined in light of the particular circumstances surrounding the accident.

Here, there is no basis for faultfinding with either defendant after he concededly

saw the obstruction of the roadway on the bridge and applied his brakes. By that time he was upon the ice and could be expected to do no more than he did. The plaintiffs theory, however, was that, with a proper lookout, each should have seen the obstruction earlier, and, seeing it, should have recognized the danger and should have reacted so that his automobile could have been stopped short of the point of collision.

The road was straight for some distance before the bridge was reached. It was well after sunset, but there was neither fog nor rain, and the testimony discloses no traffic headed in the opposite direction with confusing or blinding headlights. Neither defendant reacted until he was already on the ice and, at least, within 150 feet of the obstruction ahead. There is no intimation in the evidence, however, that Jones, had he been looking, could not have seen the taillights of the Shelton automobile waver back and forth as that vehicle fishtailed and went into its skid, or indeed, that his headlights would not have revealed her stalled vehicle askew in the eastbound lanes in front of him well before he came within 150 feet of it.

The same thing may be said of Mr. Bennett. If he had been maintaining a proper lookout, it might reasonably be inferred that he could have, and should have, seen the Jones vehicle skidding, the wavering of its taillights, and the abrupt reversal of Miss Shelton's car when struck by Jones. If he was so far behind as not to have seen the lights of the preceding vehicles before Jones came to a standstill, one still might infer that, with a proper lookout, he should have recognized the obstructions ahead sooner than he did by use of his own headlights.

■■ On the motion for directed verdict, we must view the evidence in the light most favorable to the plaintiff. We must indulge every reasonable inference in her favor. Recognizing the hazard of ice, we may readily concede that there is an obviously permissible inference that the defendants, Jones and Bennett, each acted with due care, but reasonable men might also infer that, while they did all that might be expected of them in their efforts to control their vehicles after they had entered upon the ice, proper lookouts should have produced earlier recognition of danger and earlier action of avoidance.[1]

It was for the jury, we think, to choose between these two conflicting inferences. We cannot say the one favorable to the plaintiff is unreasonable or impermissible. The choice between permissible inferences of fact is for the jury.

We think the Court should not have entered judgment for the defendants when the jury was unable to agree. Rather it should have discharged the jury and declared a mistrial.

Reversed and remanded.

1. Channell v. Sampson, 1 Cir., 108 F.2d 315, see Bizzaro v. Payne, 4 Cir., 169 F.2d 851, cf. Nelson v. Brames, 10 Cir., 253 F.2d 381. See also Whitley v. Patterson, 204 Va. 36, 129 S.E.2d 19; Webb v. Smith, 176 Va. 235, 10 S.E.2d 503, 131 A.L.R. 558.