Mary Jane WEBB, Plaintiff-Appellant,

v.

CITY OF CLAYTON, Defendant-Respondent.

No. 34690.

Missouri Court of Appeals,
St. Louis District, Division No. One.

April 24, 1973.

Rehearing Denied May 11, 1973.

William H. Wyne, Jr., Creve Coeur, for plaintiff-appellant.

Carter, Brinker & Doyen, Clayton, for defendant-respondent.

WEIER, Acting Presiding Judge.

Plaintiff sued the City of Clayton for personal injuries sustained as the result of a fall when she stepped on a sewer grate near the curb in one of the City's streets. She appeals from a judgment favoring the defendant City following a verdict for defendant.

On November 10, 1967, the plaintiff had driven her automobile to a gasoline service station for service across from the particular place where the accident occurred. She had done this a few times before. When she returned from work that evening on the bus, she got off the bus on the north side of the street, walked a few feet west, waited for the bus to pull away, and then started to cross the street to the service station to pick up her automobile. At the time she started to cross, there happened to be two other passengers, one on either side of her, who also started crossing the street at the same time. As she stepped into the street between these persons, she stepped into the grate or on the edge of it, her right ankle turned to the right, her leg gave way and she fell. This incident gave rise to her injuries for which she sought recovery.

The grate was a "couple" feet square and was in the street adjacent to the north curb of Clayton Road. The street had just previously been resurfaced and the grate itself was four to five inches lower than the street surface surrounding it.

The unsuccessful plaintiff's principal contention on appeal is directed to error in giving and reading to the jury a contributory negligence instruction submitted by defendant. In addition to submitting failure to keep a careful lookout, it also hypothesized a finding that plaintiff "knew that the sewer grate was depressed and intentionally stepped into it". Plaintiff asserts the evidence does not support this submission and hence the giving of the instruction was reversible error.

There seems to be no dispute that plaintiff had prior knowledge of the sewer grate. She knew about it because she had previously crossed the street at that point. She even admitted that she was sure she had stepped in it before on occasions when she had previously taken the bus. The only place to cross the street was right at that particular point. On the evening when she was injured it was not her purpose to step over the grate when she stepped off the curb. As she stated: "I am really not sure whether it was because there was a person on either side of me or not, but there were three of us that stepped off at the same time and I happened to be right in the middle, and I was right at the sewer, so that is where I stepped."

In outlining the evidence, we have considered that which is most favorable to the defendant and have disregarded the unfavorable evidence unless it tended to support the submission. Rickman v. Sauerwein, 470 S.W.2d 487, 489[1] (Mo.1971). Considered in light of such a directive, we must agree with plaintiff there is no evidence from which the jury could find or infer that the prior knowledge of plaintiff concerning the grate included knowledge of a change in the level of the street's surface prior to or at the time she fell. Whether her experiences in stepping on the grate before the fall were contemporary in point of time with the raising of the street level so that she knew or should have known there was a depressed condition is not disclosed. In fact, her testimony at trial indicated that she was not aware that the sewer grate was lower than the surrounding surface of the street prior to the evening that she stepped in it and fell. She knew that the surfacing had taken place several weeks before she fell, but in response to the question: "And knew that the sewer grate was at a lower level than the surface of the street then?", she replied: "I didn't know it; I would assume it was the same level."

Since the evidence does not support a finding that the plaintiff had knowledge that the sewer grate was depressed prior to her fall, the giving of the contributory negligence instruction with this hypothesis contained in it was unsupported by the evidence and reversibly erroneous. For an inference of negligence to be legitimate, the evidence must point to the desired conclusion with reasonable certainty. It is not enough that it be merely consistent with such a conclusion or that the evidence give equal support to inconsistent and contradictory conclusions. If the evidence supports inconsistent conclusions of equal probability, one in favor of a party's claim of negligence and one against, then the party has failed in that event to establish his case, or to remove it from the realm of speculation. In this event, there is no substantial evidence to support an instruction which hypothesizes a charge of negligence because it is not supported by the evidence. Ryan v. Manheimer, 435 S. W.2d 366 (Mo.1968); McDowell v. Mohn, 426 S.W.2d 95, 98[4] (Mo.1968).

Plaintiff's second charge of error was not preserved for review by inclusion in her motion for new trial. Rule 79.03, V.A.M.R. We do not reach the third point raised by plaintiff as error in the trial of this case. It charges error on the part of the defendant in submitting its contributory negligence instruction because the act of negligence therein submitted in knowingly and intentionally stepping into the depressed grate was beyond the scope of the pleadings of the defendant. The case will have to be retried in view of the reversible error committed in the giving of the instruction. On retrial defendant will have an opportunity to amend its answer to include any charge of negligence which it has not previously made.

We finally turn to the point raised by defendant wherein it contends that plaintiff was guilty of contributory negligence as a matter of law. If sustained, of course, this would destroy plaintiff's cause of action and she would not be entitled to a new trial.

In substance, the defendant contends that plaintiff had seen the sewer grate on prior occasions. The lighting was described by her as being sufficient the evening of the accident, and she made no claim that her attention was distracted. Having knowledge of the condition, defendant declared that the plaintiff was not entitled to assume that her pathway was safe. Because of her failure to look, defendant maintains that she is guilty of contributory negligence as a matter of law. In support of this contention, defendant relies on the case of O'Neill v. City of St. Louis, 292 Mo. 656, 239 S.W. 94 (1922). In that case the plaintiff fell when she stepped into a water service box without a lid. The box was located in the middle of a sidewalk, and the top was flush with the surface of the walkway. The top was off and had been for some length of time. There plaintiff had seen the top off the box on several occasions prior to her accident. On that evening there was sufficient light for her to see the box open in the sidewalk. The court pointed out that a traveler in a street had the right to presume and act upon the presumption that the street was in a reasonably safe condition for travel unless he had knowledge or reason to believe to the contrary. But plaintiff clearly had knowledge the top was off. The court declared that plaintiff was contributorially negligent as a matter of law. In the case before us it was obvious that plaintiff knew that the sewer grate was in the location where she stepped the night of her injury. It is not clear, however, that she knew at that time that the grate was lower than the surrounding surface of the street. The evidence did not indicate that the grate, in and of itself, was defective. Rather it was the location of the grate in a position lower than the street itself which caused it to be dangerous, and the knowledge of this defect was not shown to have been imparted to plaintiff. There is no evidence that she at that time had a contem-

porary awareness of the defect and a realization of its dangerous nature. To charge one with contributory negligence as a matter of law in a factual situation similar to this, either the party must have had knowledge of the defect and an appreciation of the unreasonable risk involved, or the defect and its danger must have been sufficiently obvious to have unmistakenly challenged the plaintiff's attention had she used due care. Butler v. City of University City, 167 S.W.2d 442, 448[11] (Mo.App.1943). Here plaintiff in the nighttime stepped off the curb onto a grate of which she had knowledge. As previously stated, the evidence is inconclusive that at that time she had knowledge the grate was lower than the surrounding surface of the street. The street had recently been resurfaced with a black topping material. Observation by plaintiff of the difference in elevation under artificial light with due consideration given to the darkness of the paving material surrounding the grate are factors which the jury would have to consider in weighing the evidence as to contributory negligence, but would certainly not be sufficient to warrant us holding that as a matter of law plaintiff was negligent. Plaintiff had previously walked across the street at this intersection and was acquainted with the fact that a sewer grate was placed in the surface of the street. She had had no difficulty with it. Upon the raising of the surface surrounding the grate, a dangerous condition was created and it is not certain from the evidence that she had knowledge as to this condition. On the night that she stepped off the curb and started to walk across, a jury could infer that she did not anticipate a change in the levels of the paving and the grate. The jury could reasonably have excused her failure to notice the change. The question as to whether the condition was so open and obvious as to excuse the defendant from any duty to the plaintiff was a jury question. Burch v. Moore's Super Market, Inc., 397 S.W.2d 590, 593[4] (Mo.1965); Willis v. Rivermines IGA Supermarket, 350 S.W.2d 437,

441[3] (Mo.App.1961); Seitter v. City of St. Joseph, 358 S.W.2d 263, 269[4, 5] (Mo.App.1962).

The judgment is reversed and the case is remanded for a new trial.

CLEMENS and McMILLIAN, JJ., concur.