Lucille FOSTER, Plaintiff–Respondent,

v.

FARMERS INSURANCE COMPANY,
INC., Defendant–Appellant.

No. 71365.

Supreme Court of Missouri,
En Banc.

Aug. 1, 1989.
Rehearing Denied Sept. 8, 1989.

Lance W. Lefevre, Kansas City, for defendant-appellant.

Jerry Kenter, North Kansas City, for plaintiff-respondent.

BILLINGS, Judge.

Defendant Farmers Insurance Company filed this appeal from a judgment entered on a jury verdict for plaintiff Lucille Foster in her suit for damages. The court of appeals concluded the evidence was insufficient to support a lookout submission. Transfer was granted and, applying the most favorable evidence rule, this Court affirms the judgment.

Plaintiff's cause of action arose from an accident in Blue Springs, Missouri. The only witness at trial was the plaintiff. The following undisputed facts appear from her testimony.

On August 29, 1983, a clear, sunny day, at around 8:00 a.m., plaintiff Lucille Foster was walking north on the west shoulder of Fifteenth Street in Blue Springs, Missouri. Fifteenth Street is a paved two-lane, two-way street with gravel shoulders five to seven feet wide and runs north-south. The road is flat, and plaintiff could see "maybe 200 yards" down the road in front of her. She was accompanied by her mother as they walked side-by-side on the shoulder, with plaintiff on the side nearest traffic.

After a number of southbound cars had passed the plaintiff without event, her shoulder was struck and she was injured by the tailgate section of a large black pickup truck which was driving south. The driver of the truck did not stop and was never identified.

Plaintiff testified she was walking approximately one foot from the pavement; that she first saw the pickup that struck her when it was 30 to 40 feet away; that it was entirely upon and six to twelve inches from the edge of the pavement; that she did not see any part of the truck sticking over onto the shoulder; that the truck did not swerve, but continued going straight; that when the front of the truck passed her, it was only six inches off her right shoulder, and that she moved away from the pavement a few inches as the truck approached her. She also testified that she never saw the truck leave the pavement.

Plaintiff brought suit against defendant Farmers Insurance Company under an uninsured motorist clause in a policy issued to her and her husband by Farmers. Her petition, *inter alia,* alleged the hit and run driver was negligent in failing to maintain a proper lookout. Defendant does not dispute the fact that the truck struck the plaintiff, nor that it caused her injuries.

Plaintiff's case was for the jury unless, taking as true all her evidence that is not entirely unreasonable or opposed to physical law, viewed in the light most favorable to her case, and giving her the benefit of all reasonable inferences therefrom, there is no room for reasonable minds to differ on the issues. *Vaeth v. Gegg,* 486 S.W.2d 625, 628 (Mo.1972); *Gregory v. Robinson,* 338 S.W.2d 88, 91 (Mo.banc 1960); *DeLay v. Ward,* 364 Mo. 431, 262 S.W.2d 628, 633 (Mo.banc 1953). The Court finds, for the reasons which follow, that plaintiff's theory that the driver negligently failed to keep a lookout for her was properly submitted to the jury.

■■■ The obligation of a driver to maintain a careful lookout imposes the "continuous and inescapable duty to maintain a vigilant lookout ahead and laterally ... in such observant manner as to enable him to see what one in the exercise of the highest degree of care for the safety of himself and others could and should have seen under similar circumstances." *Graham v. Conner,* 412 S.W.2d 193, 200–201 (Mo.App. 1967); *Braun v. Hoffmeister,* 366 S.W.2d 406, 408 (Mo.1963); *Section 304.010,* RSMo (1986). The driver is also under a duty to take effective precautionary action "when a person, in the exercise of the highest degree of care, would have reason to anticipate danger." *Thomas v. Wade,* 361 S.W.2d 671, 674 (Mo. banc 1962); *Section 304.010,* RSMo (1986). The driver's obligation to maintain a lookout extends to a pedestrian regardless of whether they are standing upon the shoulder, *Wright v. Osborn,* 356 Mo. 382, 201 S.W.2d 935, 938 (Mo.1947); *Skiles v. Schlake,* 421 S.W.2d 244, 246 (Mo.1967); *Graham,* 412 S.W.2d at 201, or upon the traveled part of the roadway, *Ferdente v. St. Louis Public Service Company,* 247 S.W.2d 773, 778 (Mo. 1952); *Schmidt v. Allen,* 303 S.W.2d 652, 659 (Mo.1957).

■■■ Submission of negligence on this theory requires that there be substantial evidence from which a jury could find that the driver, in keeping a careful lookout, could have seen the plaintiff in time to have taken effective precautionary action. *Bunch v. McMillian,* 568 S.W.2d 809, 811 (Mo.App.1978). There must also be evidence that the driver had the means to avoid the collision and failed to use them.

*Miller v. St. Louis Public Service Company*, 389 S.W.2d 769, 772 (Mo.1965). The driver "must be held to have seen what looking would have revealed" unless the view was obstructed, *Graham*, 412 S.W.2d at 201. His failure to do so is negligence as much as if he had not looked at all. *Schmidt*, 303 S.W.2d at 657; *Haymes*, 413 S.W.2d at 319.

■ Defendant does not dispute the fact that the driver could have seen the plaintiff as he approached her. Plaintiff testified that there were no cars in the lane opposite the truck and that she saw the truck in time to move slightly to her left, allowing the inference that the driver had sufficient time and opportunity to swerve and avoid hitting the plaintiff.

Reconciling plaintiff's estimates of her position in the way most favorable to her case, the jury could have believed that the truck was six inches from her shoulder when the front passed her. Driving within six inches of her body at a speed of thirty-five miles per hour is dangerous and it is reasonable for the jury to have determined that in the exercise of the highest degree of care, the driver of the truck should have known that, if he did not swerve, the path of his truck would take him dangerously close to the plaintiff. *See Schmidt*, 303 S.W.2d at 659.

■ Defendant contends that the accident could not have occurred under the facts as related by the plaintiff. However, there is no dispute that the accident occurred, and evidence, however improbable, must not be withdrawn from the jury unless it appears to be so clearly and irrefutably impossible that reasonable minds cannot entertain any other conclusion. *Hardin v. Illinois Central R. Co.*, 334 Mo. 1169, 70 S.W.2d 1075, 1079, *cert. denied*, 293 U.S. 574, 55 S.Ct. 86, 79 L.Ed. 672 (1934); *Garrison v. Ryno*, 328 S.W.2d 557, 561 (Mo.1959); *Lansford v. Southwest Lime Co.*, 266 S.W.2d 564 (Mo.1954). "A party is not conclusively bound by his mere estimate of time, speed or distance, or the position of an automobile or train at the time of an accident" *Smith v. Siercks*, 277 S.W.2d 521, 525 (Mo.1955), which is not at odds with his theory of the case.

Disregarding plaintiff's estimates of time, speed, distance, and the position of the truck, except as they favor her case, plaintiff's evidence indicates that for the accident to have occurred as she related it, the rear of the truck need only have moved over six inches in the time it took to pass her. Such an occurrence may seem unlikely, but it is not clearly opposed to physical law. "[H]owever improbable the testimony of the witness who testifies to a fact not in itself impossible may appear in the ordinary course of events its credibility is for the jury." *Jenkins v. Kurn*, 346 Mo. 904, 144 S.W.2d 76, 79 (1940), *cert. granted*, 312 U.S. 675, 61 S.Ct. 740, 85 L.Ed. 1116, *rev'd on other grounds*, 313 U.S. 256, 61 S.Ct. 934, 85 L.Ed. 1316, *on remand*, 348 Mo. 942, 156 S.W.2d 668 (1941); *Hardin*, 70 S.W.2d at 1079; 64 C.J. 357, § 354.

The trial court did not err in giving plaintiff's instruction number five submitting failure to keep a lookout, and defendant's motions for directed verdict and judgment notwithstanding the verdict were properly overruled.

The judgment is affirmed.

BLACKMAR, C.J., RENDLEN and HIGGINS, JJ., and DOWD, Special Judge, concur.

ROBERTSON, J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of ROBERTSON, J.

COVINGTON, J., not sitting.

ROBERTSON, Judge, dissenting.

I respectfully dissent. In so doing, I adopt the unanimous opinion of the Court of Appeals, Western District, reversing the judgment of the trial court. That opinion, authored by the Honorable Anthony P. Nugent, Jr., follows without further attribution.

On August 29, 1983, plaintiff Lucille Foster was walking northbound on the shoulder of 15th Street in Blue Springs. Ms.

Foster's mother walked on her left. Fifteenth Street is a two lane, paved road with gravel shoulders approximately five to seven feet wide.

Ms. Foster testified that the right rear corner of the tailgate section of a large pickup truck, approximately ten to fifteen feet in length, struck her as she was walking. She said that she first saw the truck when it was thirty to forty feet away, that she was walking about a foot from the pavement and that the truck was six to twelve inches from the edge of the pavement. She also testified that the truck was traveling about thirty-five miles per hour, that she did not see any part of the truck extending over the shoulder, and that to her knowledge the truck never left the pavement.

At the close of plaintiff's evidence, defendant filed and the trial court overruled a motion for a directed verdict. The court entered judgment on a jury verdict in favor of plaintiff and thereafter modified the judgment on its own motion. Defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The court overruled both motions and the defendant appealed.

Defendant argues in its first point that the trial court erred in giving Instruction No. 5 because the evidence was insufficient to support a finding to keep a careful lookout. In its second point, defendant contends that the trial court erred in overruling defendant's motions for directed verdict and for judgment notwithstanding the verdict because the evidence was insufficient to permit the jury to find that the driver was negligent in any way. The second point requires disposition of the case without reference to the defendant's first argument.

On appeal we review the evidence in light most favorable to the plaintiff and disregard defendant's evidence except as it supports the verdict. *Bayne v. Jenkins*, 593 S.W.2d 519, 521 (Mo. banc 1980). In fact, defendant adduced no evidence.

Ms. Foster testified that the day was sunny and clear and the pavement dry, that she saw a large pickup truck approaching from thirty to forty feet away, and that she moved slightly to the left as it approached. She further testified that the front part of the truck passed her safely and that she was struck by the right rear tailgate. Ms. Foster said that she did not step onto the pavement and that she did not see the truck move off the roadway.

Plaintiff's case must fail because the accident could not have occurred as she related it. She testified that she did not step onto the pavement, that she did not see truck leave the pavement, that nothing protruded from the pickup, but that, nevertheless, the truck hit her. The truck could not have hit her, however, if she remained off of the pavement, and the truck remained on it.

Plaintiff argues that because the truck hit her, the jury could have drawn the inference that the truck "somehow" left the road. That inference is, however, inconsistent with her testimony that she watched the truck while it approached her, that it did not swerve, and that it remained on the road at least until the front of the truck passed her. Plaintiff further admitted that less than a half-second passed between the time the front of the truck passed her and the tailgate hit her.

For her theory to be consistent with her testimony, the following facts would have had to occur. After the front of the truck passed her, with the truck traveling thirty to thirty-five miles per hour in a straight line, the driver would have had to maneuver the rear of the truck off of the road in a space of less than ten feet and still have sufficient control of the vehicle to continue traveling down the road. We cannot reasonably conclude that such a maneuver is possible.

Obviously, then, one of her observations is incorrect. For the truck to have hit her, either she must have stepped into the truck's path on the pavement or the truck must have been driven in a manner other than that which she described (that the truck was traveling straight down the road and did not swerve as it approached her). The latter theory is consistent with a finding of negligence on the part of the pickup

driver, *Skiles v. Schlake*, 421 S.W.2d 244 (Mo.1967) (evidence that defendant drove off the roadway would support finding of negligence), but the former is not. Which portion of her testimony is correct is left to conjecture, and allegations of negligence based on conjecture or speculation do not establish a submissible case. *Webb v. City of Clayton*, 494 S.W.2d 662, 664 (Mo.App. 1973) ("If evidence supports inconsistent conclusions of equal probability, one in favor of a party's claim of negligence and one against, then the party has failed in that event to establish his case, or to remove it from the realm of speculation.")

In my view, the trial court erred in failing to direct a verdict for the defendant. Accordingly, I would reverse the judgment and remand to the trial court with directions to set aside the judgment in favor of the plaintiff and enter judgment for the defendant. I dissent.